# STATE OF MICHIGAN

# COURT OF APPEALS

GREAT LAKES SHORES, INC.,

Plaintiff-Appellant,

v

JENNIFER M. BARTLEY, a/k/a JENNIFER M. SKORUPA,

Defendant-Appellee.

UNPUBLISHED
May 14, 2015

No. 320913
Sanilac Circuit Court
LC No. 13-035064-CH

Before: HOEKSTRA, P.J., and SAWYER and BORRELLO, JJ.

PER CURIAM.

The trial court granted plaintiff's motion for summary disposition but denied plaintiff's request for attorney fees. Plaintiff appeals as of right. We reverse and remand.

Plaintiff is a non-profit corporation that is "designated to administer the Great Lakes Shore, Inc., Project . . . ," which is a summer resort in Worth Township. Plaintiff is organized under the summer resort owners corporation act, MCL 455.201 *et seq*. Lot owners are required to pay yearly dues and assessments, which are used to maintain the resort property and to pay for taxes and insurance. Plaintiff alleges that defendant paid her dues and assessments from 2004 through 2009, but that she thereafter failed to pay. According to plaintiff, the amount of dues and assessments owed was $400. In December 2012, plaintiff recorded a lien for the unpaid dues and assessments.

Plaintiff thereafter filed suit, asserting one count for "foreclosure of association lien" and one count for "collection of unpaid assessments." Plaintiff also alleged that it was entitled to recover attorney fees pursuant to its bylaws. In her answer to plaintiff's complaint, defendant alleged that she had not received any bills from plaintiff for more than eight years.

Plaintiff subsequently moved for summary disposition. In an attached affidavit, plaintiff's president averred that invoices had been sent to defendant for her dues and assessments. Plaintiff contended that in view of this fact and the fact that defendant had paid her dues and assessments from 2004 through 2009, her allegation that she had not received a bill from plaintiff in more than eight years was not an adequate defense. Plaintiff sought $400 in unpaid dues and assessments, $40 in late fees, $574.40 in court costs, and $6,007.29 in attorney fees. In its motion, plaintiff did not seek to foreclose its lien, but it argued in its brief that it was entitled to seek foreclosure. In response, defendant did not provide any evidentiary materials,

-1-

but contended that there remained material questions of fact regarding whether plaintiff billed defendant for dues and assessments. Defendant further argued that according to the bylaws, plaintiff did not have authority under the bylaws to sue for money damages. Defendant argued that plaintiff only had "authority to place a lien upon the property and enforce that lien through Court action."

The trial court granted summary disposition for plaintiff, because defendant had failed to provide any evidentiary materials to contradict plaintiff's evidence showing that defendant had indeed received the invoices. It did not address defendant's argument that plaintiff was only entitled to foreclose its lien. However, the court declined to award plaintiff attorney fees. Plaintiff moved for reconsideration regarding the denial of attorney fees, which the trial court denied without elaboration.

Plaintiff argues that the trial court erred in declining to award its attorney fees. This Court reviews a trial court's determination whether to award attorney fees for an abuse of discretion. *In re Temple Marital Trust*, 278 Mich App 122, 128; 748 NW2d 265 (2008). A trial court's findings of fact are reviewed for clear error. *Id*. Underlying questions of law are reviewed de novo. *Loutts v Loutts*, 298 Mich App 21, 24; 826 NW2d 152 (2012).

As a general rule, attorney fees are not recoverable from a losing party unless authorized by a statute, court rule, or other recognized exception. *In re Waters Drain Drainage Dist*, 296 Mich App 214, 217; 818 NW2d 478 (2012). One such other exception is where attorney fees are recoverable pursuant to a contract between the parties. *Fleet Bus Credit v Krapohl Ford Lincoln Mercury Co*, 274 Mich App 584, 586; 735 NW2d 644 (2007). Such contractual provisions are enforceable. *Id*. The bylaws of a corporation constitute a contract between a corporation and its shareholders. *Allied Supermarkets, Inc v Grocer's Dairy Co*, 45 Mich App 310, 315; 206 NW2d 490 (1973). In the present case, it seems clear that defendant, as a lot owner in the resort, was a shareholder in plaintiff corporation.[1] Thus, if the bylaws provide for attorney fees in this case, the trial court should have awarded them.

Turning to the bylaws, they state in pertinent part as follows:

> All annual dues and/or special assessments levied against any or all members not paid by August 31st each year shall become a lien upon the property of the delinquent member and such delinquencies may be enforced by Court action. All costs of such action shall be assessed to the member and become part of said lien, including by [sic] not limited to actual attorney fees.

Defendant argued below that attorney fees are only recoverable if plaintiff foreclosed its lien. However, the above provision clearly contemplates permitting both a lien and a separate action to collect delinquent dues. The provision identifies a lien and an action to collect unpaid dues as separate and distinct avenues of relief for plaintiff. Therefore, because the bylaws, a

---

[1] *Black's Law Dictionary* (10th ed) defines "shareholder" as "Someone who owns or holds a share or shares in a company, esp. a corporation."

contract between plaintiff and defendant, permitted plaintiff to seek attorney fees that it incurred to recover unpaid dues and assessments, the trial court should have awarded such fees.

Finally, plaintiff also argues that the trial court erred by failing to award $40 in late fees. The bylaws provide for a $10 late fee if a member's dues are not paid on time. Because defendant failed to pay her dues for four years, $40 in late fees were appropriate.

Following the hearing on plaintiff's motion for summary disposition, plaintiff filed a proposed order under the seven-day rule. MCR 2.602(B)(3). Plaintiff's proposed order did not contain an award for $40 in late fees. Defendant did not object to the proposed order, and the trial court adopted plaintiff's proposed order apparently without alteration. Accordingly, the failure to account for the late fees is attributable to plaintiff. Nevertheless, because reversal is required to address attorney fees, we direct the trial court to correct this as well on remand.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. Plaintiff may tax costs.

/s/ Joel P. Hoekstra
/s/ David H. Sawyer
/s/ Stephen L. Borrello