# STATE OF MICHIGAN

# COURT OF APPEALS

---

GREAT LAKES SHORES, INC.,

        Plaintiff-Appellant,

v

DENNIS JEVAHIRIAN, Personal Representative
for the ESTATE OF DENNIS DANIAL
JEVAHIRIAN,

        Defendant-Appellee.

UNPUBLISHED
May 9, 2017


No. 332505
Sanilac Circuit Court
LC No. 13-035018-CH

---

Before: M. J. KELLY, P.J., and BECKERING and SHAPIRO, JJ.

PER CURIAM.

In this second appeal, plaintiff, Great Lakes Shores, Inc., appeals as of right the trial court's order awarding it $4,000 in attorney fees instead of the $43,438.38 in costs and attorney fees that were requested.[1] Because the trial court did not abuse its discretion in reducing the amount of attorney fees, we affirm.

## I. BASIC FACTS

Great Lakes Shores is a nonprofit summer resort owners' corporation. In March 2013, Great Lakes Shores filed a complaint against Dennis Jevahirian, asserting that he had failed to pay yearly dues and assessments. In June 2013, after Jevahirian failed to respond to the complaint, the trial court entered a default judgment against him. Thereafter, Jevahirian retained a lawyer, who engaged in unsuccessful settlement negotiations with Great Lakes Shores and filed a motion to have the default judgment set aside. After the trial court denied the motion to set aside the default, Jevahirian filed a motion asking the trial court to allow installment payments on the default judgment and to determine what amounts, if any, Great Lakes Shores was entitled to beyond the $4,340.65 in the default judgment. At that time, according to Great Lakes Shores, its postjudgment attorney fees had increased to $16,830.33 and its postjudgment costs had risen

---

[1] Great Lakes Shores sought a judgment "in an amount no less than $44,748.38 ($1,310.00 in assessments and late charges + $43,438.38 in fees and costs)."

-1-

to $988.19. The trial court entered an order allowing an installment payment and denying all postjudgment attorney fees and costs.

Great Lakes Shores appealed to this Court, arguing that the trial court had abused its discretion in denying it postjudgment attorney fees and costs. While the appeal was pending, Jevahirian passed away, and his estate was substituted as defendant. After review, this Court concluded that the trial court abused its discretion because it denied the request for postjudgment attorney fees without properly determining whether the attorney fees incurred were reasonable. *Great Lakes Shores, Inc, v Jevahirian*, unpublished opinion per curiam of the Court of Appeals, issued November 19, 2015 (Docket No. 323076); unpub op at 5. Therefore, this Court reversed and remanded to the trial court with instructions that the court should determine the reasonableness of the requested attorney fees in accordance with our Supreme Court's decision in *Smith v Khouri* (opinion by TAYLOR, C.J.), 481 Mich 519, 532; 751 NW2d 472 (2008). *Great Lakes Shores, Inc*, unpub op at 3-5.

On remand, Great Lakes Shores filed a motion for attorney fees, Jevahirian's estate responded, and Great Lakes Shores filed a reply brief. The court heard oral argument on the motion and then issued a written opinion awarding only $4,000 in postjudgment attorney fees.[2]

## II. ATTORNEY FEES

## A. STANDARD OF REVIEW

Great Lakes Shores asserts that the trial court abused its discretion in awarding only $4,000 in postjudgment attorney fees. A trial court's decision to award attorney fees and the reasonableness of those fees is reviewed for an abuse of discretion. *In re Temple Marital Trust*, 278 Mich App 122, 128; 748 NW2d 265 (2008). An abuse of discretion occurs when the decision results in an outcome falling outside the principled range of outcomes. *Id*. When reviewing an award of attorney fees, this Court reviews legal questions de novo and factual findings for clear error. *Id*. "A finding is clearly erroneous where, although there is evidence to support the finding, the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been made." *Ambs v Kalamazoo Co Rd Comm*, 255 Mich App 637, 652; 662 NW2d 424 (2003).[3]

---

[2] The court also awarded Great Lakes Shores $4,340.65, which was the original amount of the default judgment. That amount also included attorney fees that were incurred early in the case. Thus, on the whole, it appears that Great Lakes Shores received more than a $4,000 in attorney fees and costs in connection with its work on this case.

[3] Under MCR 7.212(C)(5), an appellant's brief must include a statement of the question involved. Great Lakes Shores inadvertently failed to include such a statement in its brief on appeal. The Estate of Jevahirian asserts that, as a result, Great Lakes Shores has essentially waived the entirety of its appeal. We find the failure to include a statement of question presented was harmless. Great Lakes Shores raised a single issue on appeal. And, although it did not appear under a heading entitled "Statement of Question Presented," Great Lakes Shores did state

B. ANALYSIS

The framework for calculating a reasonable attorney fee was set forth by our Supreme Court in *Smith*. The Court held:

> In determining a reasonable attorney fee, a trial court should first determine the fee customarily charged in the locality for similar legal services. In general, the court shall make this determination using reliable surveys or other credible evidence. Then, the court should multiply that amount by the reasonable number of hours expended in the case. The court may consider making adjustments up or down to this base number in light of the other factors listed in *Wood* [*v Detroit Auto Inter-Ins Exch*, 413 Mich 573; 321 NW2d 653 (1982)] and MRPC 1.5(a). [*Smith*, 481 Mich at 537.]

Great Lakes Shores asserts that the trial court failed to calculate the base number as required by *Smith*. We agree that the court did not expressly determine the fee customarily charged in the locality for similar legal services and then multiply that amount by the reasonable number of hours expended. However, the court did find that the hourly rate claimed by Great Lakes Shores's attorneys was reasonable and that the work was actually performed. Thus, it appears that the court accepted the requested $43,438.38 as the base number. Although express findings would have better facilitated appellate review, we do not see an abuse of discretion in the court's implicit findings.

Next, Great Lake Shores asserts that the trial court abused its discretion because it did not expressly consider each and every factor listed in *Wood* and MRPC 1.5(a). In the prior appeal, this Court directed the trial court to consider the following factors as set forth in MRPC 1.5(a):

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

> (3) the fee customarily charged in the locality for similar legal services;

---

in the table of contents that "[t]he Trial Court abused its discretion when it failed to consider the proper criteria in awarding attorney fees and awarded mere 10% of the post-judgment attorney fees the Association reasonable [sic] incurred in this case as a result." This statement "concisely and without repetition" states the essence of the question being raised on appeal. See MCR 7.212(C)(5). Moreover, although Great Lakes Shores did not properly follow the format requirements in the court rules, under these circumstances, it is plain that both the Estate and this Court were effectively appraised of the issue being raised. Thus, despite the failure to include a statement of question presented, we conclude that the brief substantially complied with the court rules. Further, even if we were to find that the brief failed to substantially comply with the court rules, we would order that Great Lakes Shores file a conforming brief rather than striking the brief, MCR 7.212(I), or concluding that the issue was waived.

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent. [*Great Lakes Shores, Inc*, unpub op at 4, quoting MRPC 1.5(a).][4]

"[T]he trial court may consider any additional relevant factors." *Pirgu v United Servs Auto Ass'n*, 499 Mich 269, 281; 884 NW2d 257 (2016). Further, "[i]n order to facilitate appellate review, the trial court should briefly discuss its view of each of the factors above on the record and justify the relevance and use of any additional factors." *Id*.

---

[4] We note that after the trial court issued its opinion in this case, our Supreme Court distilled the *Wood* and MRPC 1.5(a) factors into a single list to assist trial court's in properly reviewing the required factors. *Pirgu v United Servs Auto Ass'n*, 499 Mich 269, 281; 884 NW2d 257 (2016). That list provides slightly different numbering to the required factors than that set forth in our earlier opinion. The factors as set forth in *Pirgu* are as follows:

(1) the experience, reputation, and ability of the lawyer or lawyers performing the services,

(2) the difficulty of the case, i.e., the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly,

(3) the amount in question and the results obtained,

(4) the expenses incurred,

(5) the nature and length of the professional relationship with the client,

(6) the likelihood, if apparent to the client, that acceptance of the particular employment will preclude other employment by the lawyer,

(7) the time limitations imposed by the client or by the circumstances, and

(8) whether the fee is fixed or contingent. [*Pirgu*, 499 Mich at 282.]

We note that *Pirgu* factor 4, the expenses incurred, does not appear on the list of factors in MPRC 1.5(a) that we directed the trial court to consider. Nevertheless, it is one of the original *Wood* factors, see *Wood*, 413 Mich at 588, and so the trial court should have considered it on remand even though we did not quote the *Wood* factors in our original opinion.

Here, the trial court recited the above factors, and then held:

> In analyzing this case based upon the *Wood* factors above described, the Court would make the following findings: This is an elementary collection case, with a judgment entered by default; there certainly is no novelty or difficulty or great skill needed in order to perform the services. The court finds it is unlikely that this acceptance of the attorney and handling this case will preclude other employment for the attorney since this was a simple collection case with a default judgment. The court finds that the amount involved in the case originally was approximately $990. Certainly reason and common sense would dictate that a rational party does not spend some $44,000 attempting to collect $990.[5] The law must bear some relation to reason and common sense.

> In regard to factor three (3), the requested fee total is far in excess of any fee customarily charged in Sanilac County for similar legal services, even if the hourly fee itself is reasonable.

> Ultimately it is the [Great Lakes Shores] that is responsible for the extent to which their attorneys have expended legal services in the attempted collection of a $990 debt. Indeed, [Great Lake Shores] described this as, "Sticker shock."

The court further stated that it had considered the "[v]ast majority of the pertinent factors." Based on this analysis, it is clear that the court expressly considered several factors, but did not consider the factors that it found were not pertinent. Again, although a brief statement indicating which factors the court found were not pertinent or relevant would have better facilitated appellate review, we conclude that the trial court did not abuse its discretion by failing to more clearly state its view of each factor.

Great Lakes Shores argues that the trial court's findings did not support the court's decision to make a downward adjustment in this case.[6]

With regard to factor one—"the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly"—the trial court

---

[5] The trial court appears to have used approximate numbers because of the difficulty in determining exactly how much Great Lakes Shores was seeking. In a reply brief, Great Lakes Shores asserted that it was seeking "an amount no less than $44,748.38 ($1,310 in assessments and late charges + $43,438.38 in fees and costs)." At the same time, Great Lakes shores also requested the court to award "such additional amounts incurred through the collection of the Judgment" until the amounts are paid in full.

[6] In support of its argument, Great Lakes Shores directs us to the recently distilled list of factors from *Wood* and MRPC 1.5(a) that our Supreme Court provided in *Pirgu*, 499 Mich at 282. For purposes of this opinion, we refer to the factors by the numbers set forth in MPRC 1.5(a), which is the same numbering that the trial court used when referring to the factors in its opinion.

found that the case was not novel or difficult and involved no great skill to perform. See MRPC 1.5(a)(1). The record supports this finding. The case involved a routine default judgment arising from Jevahirian's failure to pay membership assessments. Although it is supposed that Great Lakes Shores's lawyers spent a great deal of time on the case, they have identified nothing that was not routine. Further, the fact that the case did not resolve prior to litigation does not automatically mean that the actions taken once litigation began were somehow difficult, novel, or required great skill to perform. We conclude that the trial court did not clearly err in concluding that this factor supported a downward adjustment.

The trial court also did not clearly err with regard to the second factor—"the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer." See MRPC 1.5(a)(2). Although Great Lakes Shores claimed to have spent significant amount of time on this case, the billing statements submitted showed the time claimed was spread out over multiple years. Moreover, the billing statements demonstrate that the involved lawyers were not working on the case every day and frequently did not work on the case for more than a few hours on the days that they did work on it. Great Lakes Shores's lawyers argue that, by accepting employment from Great Lakes Shores, they were precluded by the conflict of interest rules from representing certain other clients in Sanilac County. They also contend that they could have spent time working on other cases had they not been required to work on this case. However, this factor does not address whether conflict of interest rules will bar the lawyer from representing other clients or that the lawyer could have represented someone else if not for the obligation to represent its current client. Rather, this factor looks to whether the case was so time intensive that it would preclude the lawyer or lawyers from other employment. Accordingly, we conclude that the trial court did not clearly err in finding that the lawyers were not precluded from other employment by representing Great Lakes Shores in this case.[7]

The third factor required the trial court to address "the fee customarily charged in the locality for similar legal services." MPRC 1.5(a)(3). Great Lakes Shores does not expressly challenge the court's finding that "the requested fee is far in excess of any fee customarily charged in Sanilac County for similar legal services, even if the hourly fee itself is reasonable." Nor do we conclude that this finding was clearly erroneous.

The fourth factor required the trial court to address "the amount involved and the results obtained." MRPC 1.5(a)(4). Great Lakes Shores asserts that the trial court myopically focused on this factor in making its determination with regard to the reasonableness of the postjudgment attorney fees. However, as the court considered various factors, we do not find the emphasis on this factor to be improper. Great Lakes Shores also argues that although the amount in question was low, it had good reason to pursue collection in this case. It notes that it is a non-profit corporation that relies exclusively on the assessments and dues provided by its members. It asserts that if it lets one member get away with not paying the assessed amounts, then other

---

[7] Great Lakes Shores asserts that the trial court could have made an *upward* adjustment on the basis of this factor. We find such a claim to be wholly unsupported by the record.

members will also not pay, which would result in a loss of funding. We nevertheless conclude that the trial court did not clearly err in finding that "a rational party does not spend some $44,000 attempting to collection $990." We note that Great Lakes Shores found all of the settlement offers made by Jevahirian to be unacceptable and opted to instead continue to pursue the case. That was a choice it made. Its choice does not, however, mean that the trial court is precluded from considering the amount in question in making its reasonableness determination. And, based on the record before us, the trial court did not clearly err in finding that amount in question was "approximately $990."[8]

The trial court implicitly found that factor five, "the time limitations imposed by the client or by the circumstances" was not relevant. MRPC 1.5(a)(5). On appeal, Great Lakes Shores notes that there were no time limitations imposed or other circumstances justifying either an increase or decrease in the requested attorney fees. Further, no time limits were mentioned in the lower court proceedings. As such, on this record, we conclude the trial court did not clearly err in finding that this factor was not relevant to its determination.

The trial court also implicitly found that factor six, "the nature and length of the professional relationship with the client," was not relevant. See MPRC 1.5(a)(6). Great Lakes Shores asserts that this factor did not merit a downward adjustment. In support, Great Lakes Shores details its relationship with its lawyers since April 6, 2012. This information, however, was not presented to the trial court in conjunction with Great Lakes Shores's motion for postjudgment attorney fees even though the burden of proving that the requested amount is reasonable is on the party requesting the fees. See *Windemere Commons I Ass'n v O'Brien*, 269 Mich App 681, 683; 713 NW2d 814 (2006). Given that there was no specific information on this factor presented to the trial court, we find no clear error in the court's determination that this factor was not relevant to its determination.

Next, the trial court implicitly found that "the experience, reputation, and ability of the lawyer or lawyers performing the services" was not relevant. See MRPC 1.5(a)(7). Great Lakes Shores proclaims that its lawyers have "unmatched experience" and that community association law requires specialized expertise and knowledge.[9] Further, Great Lakes Shores provided support for its claim that its lawyers were experts in a specialized field of law. On appeal, Great Lakes Shores argues that this factor should not result in a downward adjustment. Given that the trial court did not rely on this factor in support of its decision to make a downward adjustment, we conclude that there was no error with regard to this factor.

---

[8] Great Lakes Shores asserts that there is no requirement that the amount in question be proportionate to the amount of attorney fees awarded. Although we agree that there is no requirement of proportionality, we do not read the trial court's opinion as requiring a specific proportionality before it will award attorney fees.

[9] We note, however, that this case involves collection law, and a small run-of-the-mill collection case at that.

Likewise, "whether the fee was fixed or contingent" had no bearing on the trial court's decision to make a downward adjustment. See MRPC 1.5(a). Great Lakes Shores's lawyers billed using a combination of an hourly rate and a flat rate.[10] However, on appeal, Great Lakes

[10] According to the billing statements submitted to the trial court in conjunction with the motion for attorney fees, Great Lakes Shores's lawyers agreed to cap their fees in conjunction with the first appeal at $1,000 in attorney fees plus costs. The attorney fees incurred during the first appeal, therefore, appears to have been billed at a flat rate for Great Lakes Shores. However, Great Lakes Shores's lawyers represented to it that, if they prevailed on appeal, they would "charge costs and [] collect all attorney fees from" Jevahirian. Therefore, although the lawyers only charged their client a flat rate, they intended to charge the estate an hourly rate. That was improper.

Great Lakes Shores is entitled to collect attorney fees from Jevahirian—and by extension his estate—because its bylaws provide:

> All annual dues and/or special assessments levied against any or all members not paid by August 31st each year shall become a lien upon the property of the delinquent member and such delinquencies may be enforced by Court action. All costs of such action shall be assessed to the member and become part of said lien, including by [sic] not limited to actual attorney fees.

See *Great Lakes Shores, Inc v Bartley*, 311 Mich App 252, 255; 874 NW2d 416 (2015) (stating that although attorney fees are generally not recoverable from a losing party, there is an exception "if attorney fees are recoverable pursuant to a contract between the parties"). Under the bylaws, Great Lakes Shores can collect its *actual attorney fees*. Here, its actual attorney fees in connection with the first appeal were only $1,000. Moreover, the default judgment provided that Great Lakes Shores was entitled to collect the attorney fees that it "reasonably incurs in attempting to collect the indebtedness." Our Supreme Court has defined "incur" as "[t]o become liable or subject to, [especially] because of one's own actions.' " *Proudfoot v State Farm Mut Ins Co*, 469 Mich 476, 484; 673 NW2d 739 (2003), quoting *Webster's II New College Dictionary* (2001) (alterations in original). Here, because Great Lakes Shores was only liable for $1,000 in attorney fees during the first appeal, it could only incur $1,000 in attorney fees. Therefore, Great Lakes Shores is necessarily claiming entitlement to attorney fees that were not even incurred, much less reasonably incurred.

In sum, because the bylaws limit Great Lakes Shores to actual attorney fees and because the default judgment limits it to reasonably incurred attorney fees, Great Lakes Shores can now only collect $1,000 in attorney fees in conjunction with the first appeal. We note that, generally, fee-shifting "is not designed to provide a form of economic relief to improve the financial lot of attorney or to produce windfalls." *Smith*, 481 Mich at 528. Given the billing structure set forth in the billing statements, however, it appears that the sole purpose of the attorney fees cap for the first appeal was to produce a financial windfall to Great Lakes Shores's lawyers in the event that they prevailed on appeal. Again, that was improper.

Although the trial court did not consider this factor in its decision to make a downward adjustment to the requested attorney fees, we feel constrained to note that, had the court

Shores asserts that it would make no sense to take a collection case on a contingency basis, and it suggests that this factor was irrelevant. Accordingly, we see no error in the court's treatment of this factor.

Finally, Great Lakes Shores contends that there should not be an adjustment based on "the expenses incurred." See *Pirgu*, 499 Mich at 282 (factor 4). The trial court did not expressly address this factor. However, given that there was no evidence presented in support of it and given that Great Lakes concedes its irrelevance in relation to this case, we do not find this demonstrated an abuse of discretion in the court's decision.

In sum, the trial court's opinion sufficiently addressed the *Smith* framework for determining the reasonableness of attorney fees. The court accepted Great Lakes Shores's requested amount as the base amount, analyzed the pertinent factors under *Wood* and MPRC 1.5(a), and determined that a reasonable postjudgment attorney fee in this case was $4,000. We find no clear error the court's findings with regard to each factor, nor do we find that the trial court abused its discretion by adjusting the attorney fees downward.

Affirmed. The Estate, as the prevailing party, may tax costs. MCR 7.219.

/s/ Michael J. Kelly
/s/ Jane M. Beckering
/s/ Douglas B. Shapiro

---

considered this factor—either as part of factor eight of MRPC 1.5(a) or as additional relevant factor under *Smith*, 481 Mich at 530—it would have provided further support for its decision to adjust the attorney fees downward.