*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

THORNTON FARMS CONDOMINIUM
ASSOCIATION,

       Plaintiff-Appellant,

v

KELLI B. OUIMET and MARK C. OUIMET,

       Defendants-Appellees,

and

NATIONSTAR MORTGAGE LLC, d/b/a MR.
COOPER,

       Defendant.

UNPUBLISHED
January 26, 2023

No. 361569
Washtenaw Circuit Court
LC No. 2020-000908-CH

Before: YATES, P.J., and JANSEN and SERVITTO, JJ.

PER CURIAM.

Defendants Kelli and Mark Ouimet refused to pay their condominium-association fees to plaintiff, Thornton Farms Condominium Association (Thornton Farms), so plaintiff filed suit and obtained an order from the trial court directing the Ouimets to pay the fees. Plaintiff then sought $9,681.45 in attorney fees and costs, but the trial court awarded plaintiff only $1,606. Because the trial court abused its discretion by failing to follow settled precedent in computing the "reasonable" attorney fees and costs recoverable by plaintiff, we vacate the trial court's order awarding plaintiff $1,606 in attorney fees and costs and remand for further proceedings.

## I. FACTUAL BACKGROUND

Thornton Farms operates its business through an elected condominium-association board, which acts on behalf of the association of owners of a condominium project located in Washtenaw County. Kelli Ouimet owns a unit in the condominium project, and Kelli's husband, Mark Ouimet,

was named as a defendant in this case because it was unknown whether he had an interest in Kelli's condominium in September 2020 when plaintiff filed the complaint that initiated this case. In the complaint, plaintiff accused Kelli Ouimet of failing to pay condominium-association assessments and water bills that she owed.[1] Representing themselves, defendants responded to the complaint by alleging generally that plaintiff had failed to fulfill the duties it owed to defendants.

The trial court conducted a bench trial that included testimony of Lora Smith, an employee of the property management company that manages the Thornton Farms Condominium project, Kelli Ouimet, and Mark Ouimet, among other witnesses. From the outset of the trial, defendants conceded that they had not paid their association fees, but they contended that they were validly withholding payment because plaintiff had refused to enforce the condominium–association bylaws and had engaged in harassment and racial discrimination against them. At the trial, Mark Ouimet testified about alleged violations of the condominium-association bylaws that he believed justified the refusal to pay the assessments. Because the board members decided that they were "not going to enforce the rules or apply the rules or even live by the rules" themselves, Mark Ouimet decided he was not going to pay the assessments. Kelli Ouimet testified that she is Native American and that she felt "somewhat" discriminated against by plaintiff. She also testified that her son fractured his foot in an unrepaired mailbox hole in their front yard.

After an unsuccessful effort to resolve the case through alternative-dispute resolution, the parties filed written closing arguments and the trial court issued a written decision. The trial court found that defendants had not paid the dues, assessments, and fees owed to plaintiff, so defendants were in default because of that nonpayment. The trial court concluded that the alleged violations of the condominium-association bylaws committed by plaintiff did not support defendants' refusal to pay dues because defendants could not engage in "self-help" by refusing to pay based upon the perceived violations by plaintiff. The trial court ordered defendants to pay the outstanding balance of assessments, late fees, and "reasonable" attorney fees, which would be determined at a hearing scheduled for May 4, 2022.

At that hearing, the sole witness was plaintiff's attorney, Melissa Francis, who testified that plaintiff was requesting $4,394.90 in damages and $320 in late fees. The trial court elected not to award late fees, so the trial court set the damage award at $4,394 for unpaid assessments. Beyond that, plaintiff requested $9,681.45 for its attorney fees and costs. Francis testified as to the median billing rate for attorneys in that geographic area and explained the work that she performed on the case. At the end of the hearing, the trial court rendered findings of fact and conclusions of law on the record, explaining that it was bound to follow the analytical framework prescribed in *Smith v Khouri*, 481 Mich 519; 751 NW2d 472 (2008). The trial court opened its analysis by determining the fee customarily charged in that area. The trial court noted that it had not received any evidence

---

[1] Nationstar Mortgage LLC, d/b/a/ Mr. Cooper was initially named as a defendant because it held an interest in the property as a mortgagee. Nationstar was later dismissed by stipulated order after Nationstar and plaintiff agreed that Nationstar had priority over plaintiff's liens on the property.

that the hourly rate charged in this case differed from what was customary in the area for attorneys. The trial court also noted that Attorney Francis had 20 years' experience practicing law.

The trial court then considered the reasonable number of hours that should have been spent on the case and whether adjustments were appropriate under the "*Wood*[2] factors" or MRPC 1.5(a). Citing factor 2,[3] the trial court stated that it "just [does not] really think that this is all that difficult of a kind of case." Thus, the trial court ruled that factor 2 "factors down the amount [of attorney fees] in question." Analyzing factor 3, the trial court noted that plaintiff had successfully recovered the unpaid condominium fees, but plaintiff's attorney had not made it "to the root of the problem" because she had failed to resolve "some of the issues and concerns [defendants] have raised and others have raised." The trial court observed that plaintiff's attorney had not just failed to "quell" the situation, she had probably continued the problem and perhaps made it worse. The trial court concluded that, when reviewing the "large term results," plaintiff had obtained a judgment, but the judgment did not achieve "results on behalf of the condominium association." The trial court later reiterated that it did not "think the results achieved" were "really very good." Finally, addressing factor 4, the trial court reiterated that it did not think the case was that difficult. Consequently, the trial court determined that the award of "reasonable" attorney fees and costs in this case should be set at $1,606. The trial court did not explain how it arrived at that amount, but it entered an order memorializing its decision. Plaintiff now appeals.

## II. LEGAL ANALYSIS

On appeal, plaintiff argues that the trial court abused its discretion when it determined that $1,606 was a "reasonable" award of attorney fees and costs, despite plaintiff's request for an award of $9,681.45. We review a trial court's award of attorney fees and costs for an abuse of discretion. *Pirgu v United Servs Auto Ass'n*, 499 Mich 269, 274; 884 NW2d 257 (2016). Such an "abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes." *Id*. "A trial court necessarily abuses its discretion when it makes an error of law." *Id*. We review questions of law de novo. *Id*.

Ordinarily, "attorney fees are not recoverable from a losing party unless authorized by a statute, court rule, or other recognized exception." *Great Lakes Shores, Inc v Bartley*, 311 Mich App 252, 255; 874 NW2d 416 (2015). Here, plaintiff could seek its attorney fees under a statute, MCL 559.206(b), which states that in "a proceeding arising because of an alleged default by a co-owner, the association of co-owners or the co-owner, if successful, shall recover the costs of the proceeding and reasonable attorney fees, as determined by the court, to the extent the condominium documents expressly so provide." Beyond that, plaintiff could seek its attorney fees under another exception to the general rule that applies "when attorney fees are recoverable pursuant to a contract between the parties." *Id*. (quotation marks omitted). According to Article XIX, Section 2 of the condominium-association bylaws:

---

[2] *Wood v Detroit Auto Inter-Ins Exch*, 413 Mich 573; 321 NW2d 653 (1982).

[3] The factor numbers used by the trial court correspond to those used in *Wood*, 413 Mich at 588, and not those used in MRPC 1.5(a).

> Any default by a Co-owner shall entitle the Association or another Co-owner or Co-owners to the following relief:
>
> In any proceeding arising because of an alleged default by any Co-owner, the Association or the Co-owner, if successful, shall be entitled to recover the costs of the proceeding and such reasonable attorneys' fees, not limited to statutory fees, as may be determined by the court.

" 'Such contractual provisions are enforceable.' " *Great Lakes Shores*, 311 Mich App at 255. As a result, plaintiff's ability to pursue "reasonable" attorney fees from defendants in this case cannot be gainsaid.

Our Supreme Court has refined the procedure for determining a "reasonable" attorney fee, prescribing a three-step process that trial courts must follow. *Pirgu*, 499 Mich at 281. "[A] trial court must begin its analysis by determining the reasonable hourly rates customarily charged in the locality for similar services." *Id.* "The trial court must then multiply that [hourly] rate by the reasonable number of hours expended in the case to arrive at a baseline figure." *Id.* Finally, the trial court must weigh eight nonexclusive factors to decide whether an adjustment of the baseline figure is warranted. *Id.* at 281-282. Therefore, those eight factors must be individually analyzed, and then "the trial court may consider any additional relevant factors." *Id.* at 282. "[T]o facilitate appellate review, the trial court should briefly discuss its view of each of the factors" on the record "and justify the relevance and use of any additional factors." *Id.* In this three-step process, "the burden of proving the reasonableness of the requested fees rests with the party requesting them." *Smith*, 481 Mich at 528-529.

This appeal turns on whether the trial court abused its discretion when it awarded plaintiff $1,606 in "reasonable" attorney fees and costs. The trial court basically skipped the first two steps in the process prescribed by *Pirgu* by failing to set the "baseline figure" for the attorney-fee award. To be sure, the trial court seemed to accept the hourly rates as reasonable, but the trial court made no finding about "the reasonable number of hours expended in the case to arrive at [the] baseline figure." See *Pirgu*, 499 Mich at 281. The trial court then moved on to the eight adjustment factors articulated in *Smith*, 481 Mich at 529-530, and refined in *Pirgu*, 499 Mich at 282, making findings on a few of the eight factors. The trial court's noteworthy findings include its observations that "I just don't really think that this is all that difficult of a kind of case" because the "law is on the side of the condominium association" and that "I don't think the results achieved are really very good" because "they're going to be more problematic for the association[.]" The trial court then summed up its awards, stating that damages would be set at $4,394 and that "I am awarding an attorney fee of $1,606 including costs," so "the total amount is $6,000 and I wish we had a better result."

The trial court's truncated analysis is fatally flawed in several respects. First, the trial court never identified "the reasonable number of hours expended in the case[,]" *Pirgu*, 499 Mich at 281, so the trial court never established "a baseline figure" subject to adjustments. *Id.* Second, the trial court lumped the requested court costs of $641.95 into the analysis of a "reasonable" attorney fee subject to adjustments even though court costs may be taxed in full by "the prevailing party" under MCR 2.625(A)(1) and are not subject to adjustment. Third, the trial court ignored the admonitions in *Pirgu* that "the trial court must consider *all* of the [eight] factors to determine whether an up or down adjustment is appropriate" and "should briefly discuss its view of each of the factors . . . on

-4-

the record and justify the use of any additional factors." *Id.* at 281-282. Fourth, the trial court did not explain why it chose a dramatic reduction of the request for $9,681.45 in "reasonable" attorney fees to an award of only $1,606 in attorney fees and costs. Indeed, it appears from the record that the trial court chose $1,606 largely because that figure, when added to the damage award of $4,394, yielded a total award in the round number of $6,000. Because none of that analysis comports with the requirements established by our Supreme Court in *Pirgu*, 499 Mich at 281-282, we must vacate the trial court's award of $1,606 in "reasonable" attorney fees and costs and remand the case for a new analysis of the "reasonable" attorney fees and costs to which plaintiff is entitled.[4]

Order awarding plaintiff $1,606 in attorney fees and costs vacated and case remanded for further proceedings consistent with this opinion. We retain jurisdiction.

/s/ Christopher P. Yates
/s/ Kathleen Jansen
/s/ Deborah A. Servitto

---

[4] In their brief on appeal, defendants appear to raise two challenges of their own to the trial court's orders. First, defendants argue that the trial court abused its discretion when it did not decrease the attorney-fee award further. Second, defendants argue that the trial court erred when it entered a judgment of foreclosure against Mark Ouimet. Because defendants did not file a cross-appeal, they are precluded from raising these issues on appeal. See *Ass'n of Businesses Advocating Tariff Equity v Pub Serv Comm*, 192 Mich App 19, 24; 480 NW2d 585 (1991) ("[A]n appellee that has not sought to cross-appeal cannot obtain a decision more favorable than was rendered by the lower tribunal."). Defendants also contend that an attorney at the law firm representing plaintiff engaged in behavior that violated the Michigan Rules of Professional Conduct. The trial court record leaves no doubt that the requested attorney fees were solely for work completed by Attorney Francis, and that no other attorney billed for work on this case. Therefore, any argument put forth by defendants regarding attorneys other than Attorney Francis is irrelevant to the issue on appeal.

# Court of Appeals, State of Michigan

## ORDER

Thornton Farms Condominium Association v Kelli B Ouimet

Docket No. 361569

LC No. 2020-000908-CH

Christopher P. Yates
Presiding Judge

Kathleen Jansen

Deborah A. Servitto
Judges

For the reasons detailed in the opinion issued concurrently with this order, the Court VACATES the May 9, 2022 order awarding plaintiff $1,606 in attorney fees and costs, and REMANDS this matter to the Washtenaw Circuit Court for a redetermination of reasonable attorney fees and costs to which plaintiff is entitled. The redetermination shall be supported by factual and legal findings sufficiently detailed to allow meaningful appellate review. We retain jurisdiction.

Upon the expiration of the 42-day period in which to file an application for leave to appeal in the Supreme Court, MCR 7.305(D)(5), the trial court shall reconsider the attorney fee and costs issues. The trial court's findings on remand may be rendered orally from the bench or in a written opinion. Proceedings on remand shall be given priority until they are concluded. Within seven days after entry of a new order awarding reasonable attorney fees and costs, appellant shall file with this Court a copy of that order and the written findings if the findings are memorialized in writing. The transcripts of all proceedings on remand shall be prepared and filed within 21 days after the completion of the proceedings.

Either party may file a supplemental brief pertaining to the issues raised on remand within 21 days after entry of the trial court's order deciding the matter or 21 days after the transcript of the hearing is filed, whichever is later. The responsive party may file a supplemental brief in reply. Alternatively, the parties may file a stipulation to dismiss the appeal.

/s/ Christopher P. Yates
Presiding Judge

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

January 26, 2023
Date

Chief Clerk