FLEET BUSINESS CREDIT, LLC
v KRAPOHL FORD LINCOLN MERCURY COMPANY

Docket No. 263170. Submitted December 5, 2006, at Lansing. Decided March 6, 2007, at 9:20 a.m.

Fleet Business Credit, LLC, brought an action in the Isabella Circuit Court against Krapohl Ford Lincoln Mercury Company after Krapohl discontinued making payments to Fleet for computer hardware it had leased. Krapohl filed a third-party complaint against Market Scan Information Services, Inc., which had leased Krapohl the software that was to run on Fleet's hardware, for breach of the license agreement and breach of warranty. Fleet and Krapohl reached a settlement before trial, and a jury returned a verdict in favor of Krapohl with respect to its claims against Market Scan. Market Scan appealed, and the Court of Appeals, WHITBECK, C.J., and SAWYER and SAAD, JJ., in an unpublished opinion per curiam, issued September 28, 2004 (Docket No. 249285), reversed and remanded for the entry of judgment in Market Scan's favor. On remand, Market Scan moved for costs and attorney fees. The trial court, William R. Rush, J., denied the motion, ruling that a party must plead special damages when seeking costs and attorney fees, and that Market Scan's general reference to attorney fees and costs in its affirmative defense to the action was insufficient for this purpose. Market Scan appealed.

The Court of Appeals *held*:

When contract language specifically provides that the prevailing party shall recover attorney fees in litigation concerning the contract, attorney fees are not special damages, and therefore are generally recoverable by the prevailing party even if they were not specifically pleaded.

Reversed and remanded for further proceedings.

DAMAGES — SPECIAL DAMAGES — FEES AND COSTS — CONTRACTUAL PROVISIONS.

When contract language provides that the prevailing party shall recover attorney fees in litigation concerning the contract, attorney fees are not special damages, and therefore are generally recoverable by the prevailing party even if they were not specifically pleaded.

*Lynch, Gallagher, Lynch, Martineau & Hackett, PLLC* (by *Michael J. Hackett* and *Mary Ann J. O'Neil*), for Krapohl Ford Lincoln Mercury Company.

*Clark Hill PLC* (by *James E. Brenner, Cynthia M. Filipovich,* and *Paul C. Smith*) for Market Scan Information Services, Inc.

Before: MARKEY, P.J., and SAAD and WILDER, JJ.

PER CURIAM. Third-party defendant Market Scan Information Services, Inc. (Market Scan), appeals as of right the trial court's order denying its motion for costs and attorney fees against third-party plaintiff-appellee Krapohl Ford Lincoln Mercury Company (Krapohl), in this breach of contract dispute. On appeal, Market Scan argues that (1) the trial court erred in finding the attorney fees allowed by the parties' contract to be special damages, and (2) even if the attorney fees are special damages, the trial court erred in finding that Market Scan failed to specifically plead attorney fees in its request for relief. We reverse and remand.

I

The relevant facts of this dispute were set forth in a prior decision, *Fleet Business Credit, LLC v Krapohl Ford Lincoln Mercury Co*, unpublished opinion per curiam of the Court of Appeals, issued September 28, 2004 (Docket No. 249825) (*Fleet I*).

Krapohl is an automotive dealership and Market Scan develops computer software utilized by such dealerships. *Fleet I, supra,* slip op at 2. The parties entered into a written lease agreement whereby Market Scan leased certain software to Krapohl. *Id.* The contract provided that *"[i]n any proceeding arising from or*

*relating to this agreement the prevailing party shall recover it's [sic] costs and reasonable attorney's fees[.]"*[1] (Emphasis added.) Krapohl also entered into a lease agreement with Fleet Business Credit, LLC (Fleet), whereby Fleet leased to Krapohl computer hardware for the operation of Market Scan's software. *Id.*, slip op at 2 n 1. Krapohl thereafter became dissatisfied with the operation of Market Scan's software and discontinued its lease payments to Fleet. *Id.*, slip op at 2 and n 1.

Fleet brought the instant action against Krapohl, which filed a third-party complaint against Market Scan "for breach of the license agreement and breach of warranty," seeking rescission. Market Scan responded to Krapohl's allegations, requesting the following relief: "WHEREFORE, Third-Party Defendant herein prays that this Honorable Court grant judgment in favor of the Third-Party Defendant, that being no cause of action, with prejudice, and allow Third-Party Defendant all reasonable court costs *and attorney's fee[s]* so unjustly incurred in defense of this matter." (Emphasis added.) Fleet settled with Krapohl. *Id.*

Krapohl tried its claims against Market Scan to a jury. *Fleet I, supra*, slip op at 1. Market Scan moved to bar parol evidence of extrinsic agreements. The trial court denied the motion. At the close of Krapohl's proofs, Market Scan moved for a directed verdict on the ground that Krapohl failed to present proof of fraud sufficient to circumvent the parol evidence rule. The court denied the motion. The jury returned a verdict favoring Krapohl. Market Scan moved for judgment notwithstanding the verdict (JNOV) on parol evidence grounds, which the court denied.

---

[1] The contract contains a California choice of law clause and a forum selection clause (Los Angeles County, California circuit courts). However, the parties have not invoked these clauses.

This Court reversed the circuit court's denial of Market Scan's directed verdict and JNOV motions, reasoning that

> when a contract contains a valid merger clause, the only fraud that can invalidate the contract is where " 'one party induces the other to suppose that the antecedent agreement is included in the writing,' " or where one party induces the other " 'to forget that agreement and to execute an incomplete writing, while describing it as complete.' "

Viewing the evidence in the appropriate light, it is clear that Krapohl Ford has failed to allege the type of fraud that could vitiate the contract. Any antecedent representations regarding manually inputting data were contradicted and superseded by the written terms of the contract. The license agreement states that Market Scan assumed no responsibility for errors or omissions because it was Krapohl Ford's responsibility to "manually verify lease data." Further, the agreement contains a clear merger clause that states that the agreement "supersedes and takes precedence over any and all previous agreements or representations including but not limited to those that may have been written, verbal, implied, suggested, hinted or otherwise communicated in any fashion." There is no evidence that Krapohl Ford was fraudulently induced to believe that any of the antecedent agreements regarding inputting data were included in the contract. Nor is there any evidence that Market Scan induced Krapohl Ford to forget any antecedent agreement and to execute an incomplete writing that was represented to be complete. Rather, the pleadings and proffered evidence relate only to alleged fraud in the inducement, which is clearly nullified by the merger clause.

Krapohl Ford asserts that Market Scan also made post-contract representations, during training sessions, that manual entry of data would be unnecessary. At trial, Krapohl Ford used this extrinsic evidence in support of its claim of fraud in the inducement. As discussed above, this evidence is inadmissible to explain the original written

agreement. This evidence would have been relevant to show that the original contract had been modified from its original terms, but Krapohl Ford did not argue below or on appeal that the written contract was amended by subsequent oral modifications. Because this theory was not presented to the trial court for its consideration, nor raised on appeal, it was not preserved for appellate review.

Accordingly, the trial court erred in allowing Krapohl Ford to present extrinsic evidence to support its allegations of fraud in the inducement. The type of fraud alleged by Krapohl Ford is not the type of fraud that can "invalidate a contract with a valid merger clause." [*Id.*, slip op at 3-4 (citations omitted).]

This Court therefore remanded for the entry of a judgment in Market Scan's favor. *Id.*, slip op at 5.

On remand, the circuit court entered judgment in favor of Market Scan. Market Scan then moved for costs and attorney fees. The circuit court reasoned that a party must plead special damages when seeking attorney fees and costs, even when the motion is based on a contractual provision for the same, and concluded that Market Scan failed to do so. Specifically, the circuit court found that "the general reference to attorney fees in the affirmative defense to the general provisions of the contract" was insufficient.

II

Whether attorney fees recoverable under a contractual provision must be specifically pleaded as special damages and whether an item of special damages has been specifically pleaded are questions of law. This Court reviews questions of law de novo. *Lee v Macomb Co Bd of Comm'rs*, 464 Mich 726, 734; 629 NW2d 900 (2001); *In re Shields Estate*, 254 Mich App 367, 368; 656 NW2d 853 (2002).

III

A

We first must decide whether attorney fees incurred during litigation involving a contract dispute constitute special damages, even when the contract expressly provides that the prevailing party in such litigation *shall* recover attorney fees. We hold that they are not special damages.

As a general rule, attorney fees are not recoverable as an element of costs or damages absent an express legal exception. *Dessart v Burak*, 470 Mich 37, 42; 678 NW2d 615 (2004); *Grace v Grace*, 253 Mich App 357, 370-371; 655 NW2d 595 (2002). Exceptions to the general rule are narrowly construed. *Rinaldi v Rinaldi*, 122 Mich App 391, 402; 333 NW2d 61 (1983). An exception exists where attorney fees are "provided by contract of the parties." *Grace, supra* at 371. "Contractual provisions for payment of reasonable attorney fees are judicially enforceable." *Central Transport, Inc v Fruehauf Corp*, 139 Mich App 536, 548; 362 NW2d 823 (1984). In other words, a contractual clause providing that in the event of a dispute the prevailing party is entitled to recover attorney fees is valid. *Sentry Ins A Mut Co v Lardner Elevator Co*, 153 Mich App 317, 326; 395 NW2d 31 (1986). And "[a]ttorney fees awarded under [such] contractual provisions are considered damages, not costs." *Central Transport, Inc, supra* at 548.

Special damages are those that are unusual for a type of claim. As explained in 1 Longhofer, Michigan Court Rules Practice (5th ed), § 2112.11, p 311:

> *Special damages are those damages that are the natural but not the necessary consequence of the defendant's conduct* (in contrast to general damages, which are the damages proximately resulting from the defendant's conduct).

*That is, special damages are those which are unusual given the type of claim, and thus might surprise the opponent if not specifically pleaded.* A clear example is a claim for attorney fees. A claim for exemplary damages is another example. Obviously the line between special and general damages is not always clear, and prudence dictates pleading such items of damages when in doubt. [Emphasis added.]

MCR 2.112(I) requires that "[w]hen items of special damages are claimed, they must be specifically stated." But while this requires specificity, "the pleading need only reasonably inform the adverse party of the alleged injury from which the cause of action naturally flows." *Kewin v Massachusetts Mut Life Ins Co*, 409 Mich 401, 457; 295 NW2d 50 (1980). MCR 2.112(I) is designed to provide notice to the adverse party of a damages claim that the party might not otherwise anticipate. See *Kewin, supra* at 457; see also *id.* at 456 (observing that the court rules were originally "drafted to substitute notice or fact pleading for rigid forms of action").

General damages are available where "the injury . . . [is] the natural result of the injury complained of in the pleadings. . . . If such injury can be traced to the act complained of and is such as would naturally flow from the alleged injury, it need not be specifically averred." *Van Pembrook v Zero Mfg Co*, 146 Mich App 87, 107; 380 NW2d 60 (1985), citing *McDuffie v Root*, 300 Mich 286, 293-294; 1 NW2d 544 (1942). " 'Special damages are such as really took place, but are not implied by law.' " *Kratze v Independent Order of Oddfellows*, 442 Mich 136, 148-149; 500 NW2d 115 (1993), quoting *Bateman v Blake*, 81 Mich 227, 231; 45 NW 831 (1890). They must be "specifically pleaded and proved." *Kratze, supra* at 148.

In denying third-party defendant's motion for costs and fees, the circuit court relied on an unpublished opinion by this Court, *Ovens LLC v Quality Acquisi-*

*tions LLC*, unpublished opinion per curiam of the Court of Appeals, issued October 28, 2003 (Docket Nos. 236800 and 238885). However, "[a]n unpublished opinion is not precedentially binding under the rule of stare decisis." MCR 7.215(C)(1).

The interpretation of court rules is governed by the rules of statutory interpretation. *Haliw v Sterling Hts*, 471 Mich 700, 704; 691 NW2d 753 (2005). Court rules should be interpreted to effect the intent of the drafter, the Michigan Supreme Court. See *AFSCME v Detroit*, 468 Mich 388, 399; 662 NW2d 695 (2003) (noting that the paramount rule of statutory interpretation is to effect the intent of the Legislature). Clear and unambiguous language is given its plain meaning and is enforced as written. *Id.* But language that is facially ambiguous, "so that reasonable minds could differ with respect to its meaning," is subject to judicial construction. *In re MCI Telecom Complaint*, 460 Mich 396, 411; 596 NW2d 164 (1999). MCL 2.112(I) does not define "special damages." Our caselaw does not address whether attorney fees, when allowed to the prevailing party by the contract at issue in the proceedings, are special damages.

Under the particular facts of this case, we hold that the attorney fees allowed by the contract are not special damages. The contract makes it clear that attorney fees are to be recovered by the prevailing party. The contract provides that *"[i]n any proceeding arising from or relating to this agreement the prevailing party shall recover it's [sic] costs and reasonable attorney's fees[.]"* (Emphasis added.) There can be no dispute that the third-party complaint by Krapohl against Market Scan, and the resulting trial and prior appeal (i.e., the proceedings in which the costs and attorney fees were incurred), were "proceeding[s] arising from or relating

to th[e] agreement[.]" We hold that there could be no surprise to Krapohl that Market Scan would seek attorney fees because they are allowed by the contract. Thus, the trial court erred in holding that Market Scan was required to specifically plead its attorney fees as special damages.

B

Because we hold that attorney fees, when specified by the contract language, are not special damages, Market Scan's second argument (that even if attorney fees are special damages, they were specifically pleaded) is moot. *Ewing v Bolden*, 194 Mich App 95, 104; 486 NW2d 96 (1992).

IV

When contract language specifically provides that in litigation concerning the contract, the prevailing party shall recover attorney fees, attorney fees are not special damages, and therefore are generally recoverable by the prevailing party even if there was no specific prayer for the recovery of attorney fees in the complaint.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.