# STATE OF MICHIGAN

# COURT OF APPEALS

DEARBORN WEST VILLAGE
CONDOMINIUM ASSOCIATION,

        Plaintiff-Appellee,

v

MOHAMED MAKKI,

        Defendant-Appellant.

UNPUBLISHED
January 3, 2019

No. 340166
Wayne Circuit Court
LC No. 16-017246-CH

Before: GLEICHER, P.J., and BORRELLO and BECKERING, JJ.

PER CURIAM.

In this dispute arising from enforcement of a condominium association's bylaws, defendant, Mohamed Makki, appeals by right from an order granting summary disposition to plaintiff, Dearborn West Village Condominium Association, pursuant to MCR 2.116(C)(9) (no valid defense) and MCR 2.116(C)(10) (no genuine issue of material fact, movant entitled to summary disposition as a matter of law). We affirm, and remand as indicated below.

## I. RELEVANT FACTS

Dearborn West Village Condominium is a residential condominium project established in Dearborn in 1997 pursuant to the Michigan Condominium Act (MCA), MCL 559.101 *et seq*. Plaintiff, a nonprofit corporation comprised of co-owners of units in the project, is responsible for the management of the condominium complex in accordance with the project's master deed and bylaws. Article VI, §1 of the bylaws, restricts use of the condominium units to "single-family residential purposes." Article VI, § 2(a) permits a co-owner to lease his or her unit for single-family residential use "only if the Co-owner is transferred out of the State by his or her employer and then for no longer than two years . . . ." Prior to leasing his or her unit under § 2(a), the co-owner

> shall disclose that fact in writing to the Association at least ten days before presenting a lease form to a potential lessee and, at the same time, shall supply the Association with a copy of the exact lease form for its review . . . and reasonable proof of the transfer of employment. [Bylaws, art VI, § 2(b)(1).]

Should plaintiff or a co-owner fail to comply with this or any provision of the condominium documents, article XIX, § 1 authorizes the aggrieved party to seek relief, including

-1-

but not limited to pursuing "an action to recover sums due for damages, injunctive relief, foreclosure of lien (if default in payment of assessment) or any combination thereof[.]"

It is undisputed that during 2015 and 2016, defendant purchased five units in the condominium complex and rented all five of them to third parties in violation of article VI, § 2 of the association's bylaws. In December 2016, plaintiff filed a complaint seeking to enforce the bylaws and terminate defendant's rental activity. Defendant answered that he had not received a copy of the bylaws, had not been given the opportunity to object to conditions he thought unreasonable, and was unaware of the restrictions on leasing units to third parties. In addition, he asserted affirmative defenses of equitable estoppel, waiver, and plaintiff's unclean hands.

Plaintiff next filed a motion for summary disposition pursuant to MCR 2.116(C)(9) and (C)(10). In his reply, defendant reiterated his defenses of estoppel and waiver, but this time based them on assertions that, for the past decade, co-owners and some former board members had leased condominium units to third parties in violation of the bylaws. He further asserted that, because individual board members who offered to sell him units they were using as rental properties were acting with apparent authority on behalf of plaintiff, plaintiff had waived the right to enforce the bylaws' leasing restrictions or had waived the restrictions altogether.

The dispositive issue at oral argument on plaintiff's motion was whether the provisions in the bylaws that set forth restrictions on leasing units could be waived in light of the bylaws' anti-waiver provision. The anti-waiver provision, article XIX, § 5, provides:

> The failure of the Association or of any Co-owner to enforce any right, provision, covenant or condition which may be granted by the Condominium Documents shall not constitute a waiver of the right of the Association or of any such Co-owner to enforce such right, provision, covenant or condition in the future.

The trial court determined that the relevant provisions of the bylaws could not be waived, that defendant had offered no valid defense against plaintiff's claims, that there were no disputed issues of material fact and it was unlikely that further discovery would reveal any, and that plaintiff was entitled to summary disposition as a matter of law. Accordingly, the trial court granted plaintiff's motion for summary disposition. This appeal followed.

II. ANALYSIS

A. SUMMARY DISPOSITION

Defendant contends that former board members leased, and approved of co-owners' leasing, condominium units to third parties in violation of plaintiff's bylaws, approved the leases he used with his third-party lessees, and provided assurances that the board would not enforce the bylaws' relevant leasing provisions. He argues that these actions of the board members either bound plaintiff, such that plaintiff cannot now enforce the bylaws at issue, or modified the bylaws in accordance with the principle of parties' freedom to contract. Accordingly, the trial court erred in granting plaintiff's motion for summary disposition. We disagree.

We review de novo a trial court's decision on a motion for summary disposition as well as issues involving statutory interpretation and contract interpretation. *Tuscany Grove Ass'n v Peraino*, 311 Mich App 389, 392-393; 875 NW2d 234 (2015). Plaintiff moved for summary disposition pursuant to MCR 2.116(C)(9) and MCR 2.116 (C)(10), and the trial court granted summary disposition under both provisions.

> Summary disposition under MCR 2.116(C)(9) is proper if a defendant fails to plead a valid defense to a claim. A motion under MCR 2.116(C)(9) tests the sufficiency of a defendant's pleadings by accepting all well-pleaded allegations as true. If the defenses are so clearly untenable as a matter of law that no factual development could possibly deny plaintiff's right to recovery, then summary disposition under this rule is proper. [*Village of Dimondale v Grable*, 240 Mich App 553, 564; 618 NW2d 23 (2000) (quotation marks and citations omitted).]

A motion for summary disposition pursuant to MCR 2.116(C)(10) tests the factual sufficiency of the complaint. *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). In evaluating a motion brought under this subrule, a trial court "considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion." *Id*. Where the evidence presented by the nonmoving party "fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law." *Id*.

Defendant has failed to cite any authority for his underlying premise that the ultra vires actions of a board member(s) bind plaintiff. Generally, an agent's actions that are outside the scope of the agent's authority do not bind a principal. *Cutler v Grinnell Bros.*, 325 Mich 370, 376; 38 NW2d 893 (1949) ("dealings or engagements of the agent beyond the scope of his authority do not bind the principal"). "Pursuant to the Condominium Act, the administration of a condominium project is governed by the condominium bylaws." *Tuscany Grove*, 311 Mich App at 393, citing MCL 559.153. According to plaintiff's bylaws, the board of directors may not do things prohibited by the bylaws, article XI, § 3, and the board has a duty to enforce the bylaws, article XI, § 4(j). Thus, board members who leased their units to third parties in violation of the leasing restrictions and who failed to enforce the leasing restrictions violated bylaws articles VI, § 2(a) (leasing restrictions), XI, § 3 (directors must follow bylaws), and XI, § 4(j) (directors must enforce bylaws). The actions defendant alleges of board members were clearly outside the scope of the board's authority as delineated by the bylaws and, therefore, cannot bind plaintiff. *Cutler*, 325 Mich at 376. Further, under the plain language of the bylaws' anti-waiver clause, quoted above, the fact that the former board may not have enforced the restrictions on leasing units does not prohibit plaintiff from doing so now. Thus, defendant's argument that plaintiff waived strict enforcement of the bylaws fails.

Equally unavailing is defendant's assertion that the actions of the board members who permitted leasing practices contrary to the bylaws and of co-owners who took advantage of that permission, effectively modified the bylaws' leasing provisions, notwithstanding the existence of the bylaws' anti-waiver clause. Defendant implies that the bylaws are a contract, that parties are free to contract, and that mutual affirmative actions of the parties, coupled with oral or written representations, amount to a waiver. See *Quality Prod & Concepts, Co, v Nagel Precision, Inc*,

-3-

469 Mich 362, 364; 666 NW2d 251(2003) (holding that parties are "free to *mutually* waive or modify their contract notwithstanding a written modification or anti-waiver clause because of the freedom to contract"). However, defendant overlooks that the parties to the bylaws are all of the association's members, not just defendant and other co-owners who violated the bylaws when leasing their units. By purchasing a unit in the condominium complex, the parties agreed to follow the bylaws, Bylaws, article I, and thus to confine their freedom to contract within the parameters established by the bylaws. The parties to the bylaws, i.e., all of the co-owners, are indeed free to modify the bylaws, but only in accordance with the procedures for modification set forth in the bylaws. Effective modification of the bylaws requires the proposal of an amendment, approval of the proposed amendment by two-thirds of the co-owners, and in some cases by the mortgagees, and recordation of the amendment in the office of the Wayne County Register of Deeds. Bylaws, art XVI, §§ 1-3, 5. Nothing in the bylaws supports defendant's contention that the ultra vires conduct of certain board members and the prohibited conduct of a few co-owners effectively modifies plaintiff's bylaws.

In sum, it is undisputed that defendant did not comply with the leasing restrictions in the association's bylaws. The fact that one or more board members did not comply with the provision does not obligate plaintiff to accept or approve the leasing of condominium units in violation of its bylaws. The anti-waiver clause in the bylaws provides plaintiff with the authority to enforce its bylaws, even if co-owners or a prior board of directors failed to do so, and nothing in the record indicates that the co-owners amended the bylaws to allow for defendant's use of his units as rental properties. For these reasons, we affirm the trial court's grant of summary disposition to plaintiff.

## B. PLAINTIFF'S REQUEST FOR ATTORNEY FEES

Plaintiff asserts that it is entitled to reasonable appellate attorney fees under the terms of its bylaws. Should it prevail on appeal, plaintiff asks this Court to remand the matter to the trial court for a determination of such fees. Because the question of appellate attorney fees was not raised and decided in the trial court, it is unpreserved. See *Fast Air, Inc v Knight*, 235 Mich App 541, 549; 599 NW2d 489 (1999). However, because the proper interpretation of plaintiff's bylaws is a question of law and this Court knows all the relevant facts, we may overlook preservation requirements. See *Smith v Foerster-Bolster Const, Inc*, 269 Mich App 424, 427; 711 NW2d 421 (2006) (indicating that this Court may overlook preservation requirements in civil cases where "the issue involves a question of law and the facts necessary for its resolution have been presented.").

"Michigan follows the American rule with respect to the payment of attorney fees and costs." *Haliw v City of Sterling Hts*, 471 Mich 700, 706; 691 NW2d 753 (2005). "Under the 'American rule,' attorney fees are not recoverable as an element of costs or damages unless expressly allowed by statute, court rule, common-law exception, or contract." *Reed v Reed*, 265 Mich App 131, 164; 693 NW2d 825, 845 (2005). Parties can contract for the payment of attorney fees, and "[c]ontractual provisions for the payment of reasonable attorney fees are judicially enforceable." *Fleet Business Credit v Krapohl Ford Lincoln Mercury Co*, 274 Mich App 584, 589; 735 NW2d 644 (2007). "A contractual provision for reasonable attorney fees in enforcing provisions of [a] contract may validly include allowance for services rendered upon appeal." *Talmer Bank & Trust v Parikh*, 304 Mich App 373, 403; 848 NW2d 408, vacated in

part on other ground, 497 Mich 857 (2014), quoting *Central Transp, Inc v Fruehauf Corp*, 139 Mich App 536, 549; 362 NW2d 823 (1984).

As this Court explained in *Tuscany Grove*, 311 Mich App at 393,

Condominium bylaws are interpreted according to the rules governing the interpretation of a contract. Accordingly, this Court begins by examining the language of the bylaws. Words are interpreted according to their plain and ordinary meaning. Further, this Court avoids interpretations that would render any part of the document surplusage or nugatory, and instead this Court gives effect to every word, phrase, and clause. Ultimately, [the Court] enforce[s] clear and unambiguous language as written.

Article XIX, § 2, of plaintiff's bylaws provide for an award of attorney fees as follows:

In any proceeding arising because of an alleged default by any Co-owner, the Association, if successful, shall be entitled to recover the costs of the proceeding and such reasonable attorney's fees (not limited to statutory fees) as may be determined by the court, but in no event shall any Co-owner be entitled to recover such attorney's fees.

The critical phrases in the above-quoted provision are: (1) "[i]n any proceeding" (2) "arising because of an alleged default by a Co-owner" and (3) "such reasonable attorney's fees . . . as may be determined by the court." There is no dispute that the current appeal is a "proceeding." See *Black's Law Dictionary* (10th ed), p 1398 (defining "proceeding" to include "the taking of an appeal or writ of error"). Further, the current appeal arose "because of an alleged default by [a] Co-owner" because it arose as defendant's challenge to the trial court's grant of summary disposition to plaintiff on its claim that defendant was in default of the condominium documents. Next, the phrase, "such reasonable attorney's fees . . . as may be determined by the court[,]" does not expressly include or exclude appellate fees. However, the fact that "reasonable attorney fees" are recoverable "in *any* proceeding arising because of an alleged default by any Co-owner" weighs in favor of interpreting the provision to entitle plaintiff to attorney fees incurred in an appellate proceeding to resolve a defendant's alleged default of the condominium documents. For these reasons, we conclude that article XIX, § 2 of plaintiff's bylaws allows plaintiff to recover reasonable appellate attorney fees "as may be determined by the court," and remand this matter to the trial court for such determination.

Affirmed and remanded for further proceedings consistent with the opinion. We do not retain jurisdiction.

/s/ Elizabeth L. Gleicher
/s/ Stephen L. Borrello
/s/ Jane M. Beckering