*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

TERRANCE DEYOUNG SELF,

        Defendant-Appellant.

UNPUBLISHED
June 11, 2020

No. 347036
Berrien Circuit Court
LC No. 2017-005088-FH

Before: MARKEY, P.J., and JANSEN and BOONSTRA, JJ.

MARKEY, P.J. (*dissenting*).

Because I conclude that the trial court did not err by imposing the 72-month minimum sentence, I respectfully dissent.

## I. BACKGROUND

This case arises out of defendant's sale of methamphetamine to an undercover police officer on several separate occasions. Defendant pleaded guilty to two counts of delivery of a controlled substance, MCL 333.7401(2)(b)(*i*). The minimum sentence guidelines range was 72 to 120 months' imprisonment. At sentencing, defendant took responsibility for his actions and asked the trial court to sentence him at the bottom end of the guidelines range.

The trial court noted that defendant had been on probation three times in the past, with probation being revoked every time. The court observed that defendant had 9 felony and 13 misdemeanor convictions and had been to jail and prison myriad times. The trial court lectured and criticized defendant regarding his behavior and the excuses he gave for his crimes. The court accurately acknowledged the guidelines range and indicated that the purposes of sentencing are punishment, protection of the community, deterrence, and reformation. The trial court proceeded to sentence defendant to 24 months to 20 years' imprisonment, which reflected a *four-year downward departure*. Although the prosecutor asked for clarification, and the trial court confirmed the 24-month minimum sentence, the court did not set forth reasons in support of a major downward departure. Indeed, the trial court did not mention anything about a departure.

The next day the trial court held a hearing to correct the sentence, claiming a previous "misstatement on the record." The court stated that it had given defendant "a little bit of a lecture" when sentencing him. The court indicated that it had written down "on the court file minute sheet[] a minimum of 72 months in prison" and then signed it. The court noted that its intent had been to sentence defendant to a minimum prison term of 72 months, and it thought that it had done so. According to the trial court, its clerk notified the court "later that day" that it had said on the record "24 months' imprisonment." The trial court explained that it had written down 72 months on the presentence investigation report (PSIR) and on its handwritten judgment of sentence. The court claimed that it was writing and talking at the same time and "misspoke and actually said the words 24 months." The trial court indicated that it had no idea that it made the mistake and "was shocked to hear" that it said something different from what it had written down. The court was going to just correct the sentence, but it decided to hold the second hearing to "make the correction on the record so the defendant can hear it and so counsel can hear it." The trial court observed that its written order was, at all times, correct in stating that the minimum sentence was 72 months in prison.

The trial court further commented that it was surprised that no one had said anything to the court, considering the comments it had made to defendant reprimanding him. The court noted that the only reason the correction was not made immediately on the record was because defense counsel was not from the area and had already left. Furthermore, the trial court found that the ruling in *People v Dotson*, 417 Mich 940; 331 NW2d 477 (1983), did not apply to the situation at hand because it was not setting aside a sentence. The court asserted that it was "merely correcting the verbal mistake." The trial court said that it was in "disbelief" and "had literally no idea how [the sentence] came out incorrectly." The court "sincerely did not mean to mislead anyone" and "didn't even know [it] had." According to the trial court, the written sentence of 72 months' imprisonment conformed to the handwritten order it had signed and placed in the court file. The trial court indicated that it only held the second hearing as a "formality" because it "misspoke" in court.

## II. REASONS FOR MY DISSENT

### A. THE JUDGMENT OF SENTENCE

"A court speaks through written judgments and orders rather than oral statements or written opinions." *People v Jones*, 203 Mich App 74, 82; 512 NW2d 26 (1993). And, in particular, MCR 6.427(7) provides that "[w]ithin 7 days after sentencing, the court must date and sign a written *judgment of sentence* that includes . . . the term of the sentence." (Emphasis added.) MCR 6.429(A) speaks to the issue of correcting "an invalid sentence," which necessarily presupposes entry of a judgment of sentence that is later the subject of an attempt to invalidate it. The record here is crystal clear that the trial court merely misspoke when it stated that the minimum sentence would be four years less than the bottom end of the sentencing guidelines range.

As indicated earlier, the trial court stated on the record that it had written down 72 months as the minimum sentence on a handwritten *judgment of sentence*.[1] The only *judgment of sentence* that is contained in the court file also sets forth the 72-month minimum sentence. While the judgment of sentence indicated that it was an "amended" judgment, this was ostensibly meant to simply signify the trial court's misstatement the previous day or to reflect that it had written down 24 months on a commitment form. *There is no document titled **judgment of sentence** in the record showing a minimum sentence of 24 months*. And the order of commitment, which the majority relies on, is not labeled a judgment of sentence. Accordingly, there was no modification or alteration of a judgment of sentence for purposes of MCR 6.429(A).

## B. DOWNWARD DEPARTURE – INVALID SENTENCE

"Although trial courts are no longer required to articulate substantial and compelling reasons to justify departures, they are still *required* to articulate 'adequate reasons' to justify departures[.]" *People v Skinner*, 502 Mich 89, 134 n 25; 917 NW2d 292 (2018) (citation omitted; emphasis added). Assuming that MCR 6.429(A) was implicated, I believe that the trial court's failure to articulate any reasons whatsoever for the downward departure rendered the sentence invalid and thus correctable. See *People v Comer*, 500 Mich 278, 292; 901 NW2d 553 (2017) ("Because defendant's judgment of sentence did not include [a] statutorily mandated punishment, we agree with the Court of Appeals that his sentence was invalid" for purposes of MCR 6.429[A].); *People v Buehler*, 477 Mich 18, 28; 727 NW2d 127 (2007) ("if the sentencing court desires to impose a probationary sentence, the court must articulate substantial and compelling reasons for the downward departure on the record. Because the sentencing court did not properly sentence defendant under the guidelines, the sentence of probation is invalid"), abrogated in part on other grounds by *People v Arnold*, 502 Mich 438; 918 NW2d 164 (2018); *People v Whalen*, 412 Mich 166, 170; 312 NW2d 638 (1981) (a sentence is invalid when it does not comply with essential procedural requirements). Accordingly, the trial court here did not commit error under MCR 6.429(A) by correcting the invalid minimum sentence.

## C. MCR 6.435(A)

The majority focuses exclusively on MCR 6.429(A), which provides, in part, that "[t]he court may correct an invalid sentence, on its own initiative after giving the parties an opportunity to be heard, or on motion by either party." MCR 6.435(A) provides that "[c]lerical mistakes in judgments, orders, or other parts of the record and errors arising from oversight or omission may be corrected by the court at any time on its own initiative or on motion of a party, and after notice if the court orders it."

"When called upon to interpret and apply a court rule, this Court applies the principles that govern statutory interpretation." *Haliw v Sterling Hts*, 471 Mich 700, 704–705; 691 NW2d 753 (2005); see also *Fleet Business Credit, LLC v Krapohl Ford Lincoln Mercury Co*, 274 Mich App 584, 591; 735 NW2d 644 (2007). "Court rules should be interpreted to effect the intent of the drafter, the Michigan Supreme Court." *Fleet Business*, 274 Mich App at 591. Clear and

---

[1] The trial court specifically stated, "I actually wrote it down here on the PSI[R] the same as I did on the handwritten judgment of sentence in the court file as 72 months."

unambiguous language contained in a court rule must be given its plain meaning and is enforced as written. *Id*. We may consult a dictionary to determine the plain meaning of an undefined term used in the court rules. *Wardell v Hincka*, 297 Mich App 127, 132; 822 NW2d 278 (2012).

I conclude that the mistake made by the trial court in the instant case is akin to a clerical error or an error of oversight or omission. In fact, the term "oversight" is defined as "an inadvertent omission or error." *Merriam-Webster's Collegiate Dictionary* (11th ed). Here, the trial judge inadvertently erred by failing to notice that she misspoke and said 24 months while she was writing down 72 months.

## D. APPEAL BY PROSECUTOR

The majority reverses and remands for the limited purpose of correcting the judgment of sentence to reflect a minimum prison sentence of 24 months. In addition to my analysis above, I also conclude that when the trial court does so, the prosecution will have every right to then appeal that sentence, challenging the unintended downward departure. See *People v Akhmedov*, 297 Mich App 745, 748; 825 NW2d 688 (2012). The majority gives no indication to the contrary.

I respectfully dissent.


/s/ Jane E. Markey