*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ATLAS INDUSTRIAL CONTRACTORS,

        Plaintiff-Appellee,

v

STOUT RISIUS ROSS, NANCY AHERN, and
DENISE BACH,

        Defendants-Appellants.

UNPUBLISHED
February 17, 2022

No. 356179
Oakland Circuit Court
LC No. 2017-160935-CB

Before: K. F. KELLY, P.J., and SAWYER and GADOLA, JJ.

PER CURIAM.

Defendants, Stout Risius Ross ("SRR"), Nancy Ahern, and Denise Bach, appeal as of right the trial court's order denying their renewed motion to reopen the case and for attorney fees and costs. Finding no error warranting reversal, we affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

On April 12, 2013, SRR entered into a written contract with counsel for plaintiff Atlas Industrial Contractors to provide forensic investigative services on behalf of plaintiff regarding an ongoing trade-secret dispute between plaintiff and a third party not involved in this dispute. The contract contained an arbitration provision that stated:

> Any dispute or claim relating to this agreement or our services, excluding disputes regarding our fees, will be determined by arbitration before a sole arbitrator, and will comply with and be governed by the provisions of the American Arbitration Association Rules for Commercial Litigation. Any award by the arbitrator will be issued in accordance with Michigan law. The award will be final, binding and not appealable, and the prevailing party will be entitled to attorney fees and costs. Judgment on the award may be entered in any court of competent jurisdiction. We reserve the right, at our option, to either litigate or arbitrate any dispute regarding our fees.

-1-

Dissatisfied with the result in the trade secrets case and believing defendants committed malpractice, plaintiff filed a complaint on September 18, 2017, seeking the enforcement of the arbitration provision, as well as the trial court's supervision of a private arbitration proceeding. Plaintiff attached an arbitration complaint consisting of several counts, including third-party beneficiary breach of contract, breach of contract, negligence, gross negligence, silent fraud, fraudulent misrepresentation, negligent misrepresentation, and innocent misrepresentation. On October 10, 2017, the trial court entered a stipulated order for dismissal without prejudice, which also ordered the parties to proceed in private arbitration.

In the arbitration proceedings, defendants moved to dismiss the tort claims in plaintiff's arbitration complaint, which were dismissed by the arbitrator on September 10, 2018. After a three-day hearing, the arbitrator issued an opinion and final award in favor of defendants: "The arbitrator finds in favor of [defendants]. Under Rule 46 of the AAA Rules for Commercial Arbitration, the arbitrator's final award is entered in favor of [defendants] on all claims asserted by [plaintiff] against [defendants]. Entry of this award concludes this arbitration." The arbitrator did not address whether defendants were entitled to recover attorney fees and costs under the arbitration provision.

On February 19, 2020, defendants filed a motion in the trial court seeking entry of an order reopening the case, a judgment in defendants' favor, and an award of attorney fees and costs. The trial court subsequently entered a stipulated order reopening the case for entry of a judgment consistent with the award of the arbitrator. The stipulated order also stated that the parties agreed to proceed in private arbitration in order to determine whether defendants were entitled to recover attorney fees and costs and, if so, in what amount.

On October 21, 2020, the arbitrator issued an opinion denying defendants' request for attorney fees and costs. The arbitrator reasoned that this Court's opinion in *Pransky v Falcon Group, Inc*, 311 Mich App 164; 874 NW2d 367 (2015), precluded an award of attorney fees and costs because: (1) defendants failed to sue to enforce the contractual provision regarding the recovery of attorney fees and costs, and (2) the American Arbitration Association Rules for Commercial Litigation precluded an award of attorney fees and costs. On December 2, 2020, defendants filed a renewed motion seeking entry of an order reopening the case and an award of attorney fees and costs. Defendants argued that they were entitled to recover attorney fees and costs under the arbitration provision in the contract, and, under this Court's opinion in *Fleet Business Credit v Krapohl Ford Lincoln Mercury Co*, 274 Mich App 584; 735 NW2d 644 (2007), defendants were not required to file a counterclaim in order to do so. Defendants also argued that the American Arbitration Association Rules for Commercial Litigation did not preclude an award of attorney fees and costs. On January 13, 2021, the trial court entered an order denying defendants' renewed motion "for lack of merit on the grounds presented." This appeal followed.

## II. STANDARD OF REVIEW

"[I]ssues regarding an order to enforce, vacate, or modify an arbitration award are reviewed de novo." *Saveski v Tiseo Architects, Inc*, 261 Mich App 553, 554; 682 NW2d 542 (2004). In addition, this Court reviews for an abuse of discretion a trial court's decision regarding an award of attorney fees and costs. *Smith v Khouri*, 481 Mich 519, 526; 751 NW2d 472 (2008). We also review for an abuse of discretion a trial court's decision to reopen a case. *Bonner v Ames*, 356

Mich 537, 541; 97 NW2d 87 (1959). "An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes." *Id.*

## III. ANALYSIS

Defendants argue that the trial court abused its discretion when it denied their renewed motion to reopen the case and for attorney fees and costs. We disagree.

"Michigan courts follow the American Rule with respect to the payment of attorney fees and costs." *Pransky*, 311 Mich App at 193. "Under that rule, each party is responsible for his or her own attorney fees unless a statute or court rule specifically authorizes the trial court to order an award of attorney fees." *Id.* at 194. "However, the parties to an agreement may include within the agreement a provision respecting the payment of attorney fees, which courts will enforce like any other term unless contrary to public policy." *Id.* "Because the authority to award attorney fees arises under the terms of the agreement, the attorney fees are a type of general damages." *Id.* "In order to obtain an award of attorney fees as damages under a contractual provision requiring such a payment, the party seeking payment must sue to enforce the fee-shifting provision, as it would for any other contractual term." *Id.* "That is, the party seeking the award of attorney fees as provided under the terms of an agreement must do so as part of a claim against the opposing party." *Id.* at 195.

Given that the arbitrator issued an opinion and final award in favor of defendants on each of the claims asserted by plaintiff, defendants were the prevailing parties, and the arbitrator had the authority to award attorney fees and costs in favor of defendants under the arbitration provision in the contract as a type of general damages. *Pransky*, 311 Mich App at 193. However, in order to obtain an award of attorney fees and costs as damages under the arbitration provision, defendants were required to sue to enforce the provision, as would be necessary for any other contractual term. *Id.* There is no indication that defendants sought attorney fees and costs before the arbitrator issued an opinion and final award in favor of defendants. Accordingly, defendants failed to sufficiently state a cause of action to recover attorney fees and costs under the arbitration provision in the contract.

Defendants contend, however, that they were not required to specifically plead an award of attorney fees and costs in order to recover attorney fees and costs under the arbitration provision in the contract. In support of this assertion, defendants rely on this Court's opinion in *Fleet Business Credit*, which they contend stands for the proposition that a request for attorney fees under a fee-shifting provision need not be specifically pleaded. Defendants' contention lacks merit.

In *Fleet Business Credit*, 274 Mich App at 591-592, we held that attorney fees do not constitute special damages when they are allowed under the contract to the prevailing party. In that case, the third-party plaintiff asserted breach of contract and breach of warranty claims against the third-party defendant. *Id.* at 586. In answering the third-party complaint, the third-party defendant sought judgment in its favor as well as reasonable costs and attorney fees. *Id.* The third-party plaintiff prevailed at trial and received a jury verdict, but we ultimately reversed and ordered that judgment be entered in favor of the third-party defendant. *Id.* at 587-588. The third-party defendant then filed a motion in the trial court for attorney fees and costs based upon a provision

in the contract at issue stating that "in any proceeding arising from or relating to this agreement the prevailing party shall recover it's [sic] costs and reasonable attorney's fees." *Id*. at 592 (brackets and emphasis omitted). The trial court denied the motion because the third-party defendant failed to specifically plead its attorney fees as special damages. *Id*. at 588. On appeal, we stated:

>Under the particular facts of this case, we hold that the attorney fees allowed by the contract are not special damages. The contract makes it clear that attorney fees are to be recovered by the prevailing party. The contract provides that *"[i]n any proceeding arising from or relating to this agreement the prevailing party shall recover it's [sic] costs and reasonable attorney's fees*[.]" (Emphasis added.) There can be no dispute that the third-party complaint by [the third-party plaintiff] against [the third-party defendant], and the resulting trial and prior appeal (i.e., the proceedings in which the costs and attorney fees were incurred), were "proceeding[s] arising from or relating to th[e] agreement[.]" We hold that there could be no surprise to [the third-party plaintiff] that [the third-party defendant] would seek attorney fees because they are allowed by the contract. Thus, the trial court erred in holding that [the third-party defendant] was required to specifically plead its attorney fees as special damages. [*Id*. at 591-592.]

In light of this reasoning, "[w]hen contract language specifically provides that in litigation concerning the contract, the prevailing party shall recover attorney fees, attorney fees are not special damages, and therefore are generally recoverable by the prevailing party even if there was no specific prayer for the recovery of attorney fees in the complaint." *Id*. at 592.

Contrary to the implication of defendants' arguments, this Court's opinions in *Pransky* and *Fleet Business Credit* can be harmonized. Under *Fleet Business Credit*, a party need not make a specific prayer for the recovery of attorney fees as special damages when the contracting parties agree that the prevailing party shall recover attorney fees. However, under *Pransky*, the party seeking the award of attorney fees as provided under the terms of a contract must do so as part of some claim against the opposing party. Here, defendants failed to sufficiently state a cause of action to recover attorney fees and costs under the arbitration provision in the contract. Although defendants were not required to specifically plead attorney fees and costs as special damages, defendants did not sue to enforce the arbitration provision as part of a claim against plaintiff. Accordingly, the trial court did not abuse its discretion when it denied defendants' renewed motion to reopen the case and for attorney fees and costs.

Furthermore, the American Arbitration Association Rules for Commercial Litigation preclude an award of attorney fees and costs after entry of the final arbitration award. The arbitration provision in the contract between SRR and plaintiff's counsel stated that arbitration would be governed by the American Arbitration Association Rules for Commercial Litigation. Rule 47(d)(ii) of the American Arbitration Association Rules for Commercial Litigation states that an arbitrator's award may include "an award of attorneys' fees if all parties have requested such an award or it is authorized by law or their arbitration agreement." In other words, the arbitrator had the authority to award attorney fees and costs to defendants as part of the final arbitration award. However, defendants did not request an award of attorney fees and costs prior to entry of the final arbitration award, and the arbitrator did not award defendants attorney fees and costs.

Thus, defendants' motion to reopen the case and for attorney fees and costs amounted to a request to modify the final arbitration award.

The arbitrator was not empowered to award defendants attorney fees and costs after the final arbitration award because defendants requested an award of attorney fees and costs under the arbitration provision in the contract, and the arbitrator had already addressed the merits of plaintiff's breach of contract claims. Accordingly, the American Arbitration Association Rules for Commercial Litigation precluded an award of attorney fees and costs after entry of the final arbitration award.

Affirmed. Plaintiff, as the prevailing party, may tax costs.

/s/ Kirsten Frank Kelly
/s/ David H. Sawyer
/s/ Michael F. Gadola