*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re MILLER, Minors.

FOR PUBLICATION
June 22, 2023
9:10 a.m.

No. 364195
Wayne Circuit Court
Family Division
LC No. 2022-000202-NA

Before: MARKEY, P.J., and JANSEN and K. F. KELLY, JJ.

PER CURIAM.

Petitioner, the Department of Health and Human Services (DHHS), appeals as of right the trial court order of adjudication declining to exercise jurisdiction over the three minor children of respondent—AM, HM, and TM.[1] This order denied DHHS's petition to make the children in-home temporary court wards and dismissed the case. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In November 2021, Child Protective Services (CPS) investigated allegations of abuse by respondent. During the investigation, respondent admitted that she physically disciplined the children using a belt. Kari Empson, a DHHS caseworker, observed marks on TM. Respondent took all three children to the hospital for examinations on November 21, 2021, and voluntarily agreed to a safety plan and to stop using a belt to discipline the children.

On February 11, 2022, DHHS petitioned the court to take jurisdiction over the children under MCL 712A.2(b)(1) or (2), and to make the children in-home temporary court wards based on the physical discipline, alleging that there was a reasonable likelihood the children would be further harmed if respondent did not complete and benefit from a treatment plan. The petition was authorized, and a bench trial adjudication was held on November 7, 2022. Respondent testified that she rarely resorted to physical discipline, and had not physically disciplined the children since

---

[1] The children's father is married to respondent-mother and lives together with her and the children, but he was never named as a respondent in this case.

the CPS investigation a year earlier. Empson testified that respondent's home was otherwise appropriate, and she voluntarily completed parenting classes, but opined that the family would benefit from more counseling and that respondent would not comply with services unless they were required. Empson did not have any reason to believe that respondent violated the safety plan.

Following Empson's testimony, petitioner rested, and respondent's counsel orally moved for a directed verdict under MCR 2.516, arguing that petitioner failed to meet its burden of proof regarding the statutory grounds alleged to exercise jurisdiction over the children. Petitioner objected, asserting that a directed verdict is only allowed in child protective proceedings involving a jury trial, and that it satisfied the requisite statutory grounds for jurisdiction by a preponderance of the evidence, emphasizing respondent's admission to hitting the children with the belt and the medical records. In response, respondent's counsel recognized a distinction in the court rules that MCR 2.516 is specific to jury procedure in child protective cases. But she noted that respondent was entitled to a jury in the instant case, and claimed that respondent's bench trial did not prevent the court from ruling on whether petitioner met its evidentiary burden after the close of petitioner's proofs. The children's guardian ad litem agreed with respondent's counsel and asserted that a directed verdict was warranted. The court, noting its duty to determine whether grounds for jurisdiction existed at the time the petition was filed, concluded that respondent completed the recommended services before the petition was filed and was no longer physically disciplining the children, and granted the motion. The court noted that MCR 3.911 specifically referenced a motion for a directed verdict pertaining to jury trials, but stated, "it just seems logical to me that if I'm the finder of fact, I should be able to make the same ruling at the same stage of the proceeding." Thus, the court entered the order of adjudication declining jurisdiction over the minor children, denying the petition, and dismissing the case. Petitioner now appeals.

## II. STANDARD OF REVIEW

"To acquire jurisdiction, the factfinder must determine by a preponderance of the evidence that the child comes within the statutory requirements of MCL 712A.2." *In re Kellogg*, 331 Mich App 249, 253; 952 NW2d 544 (2020) (quotation marks and citation omitted). This Court reviews a lower court's determination of jurisdiction "for clear error in light of the court's finding of fact." *Id*. (quotation marks and citation omitted). "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *Id*. (quotation marks and citation omitted). This Court reviews the interpretation and application of court rules de novo, applying the same principles that govern statutory interpretation. *In re Sanders*, 495 Mich App 394, 404; 852 NW2d 524 (2014).

## III. ANALYSIS

On appeal, petitioner contends that the trial court erroneously granted respondent's motion for a directed verdict following petitioner's presentation of proofs at the adjudication trial, a procedure that is not permitted in nonjury child protective proceedings under the applicable court rules. We agree that the trial court erred in granting respondent's motion for a directed verdict because such procedure is prohibited under the applicable court rules, but this error was harmless because the evidence nevertheless supported the court's decision not to exercise jurisdiction over the children under the required statutory grounds.

-2-

"Child protective proceedings are governed by the juvenile code, MCL 712A.1 *et seq.*, and Subchapter 3.900 of the Michigan Court Rules." *In re Ferranti*, 504 Mich 1, 14; 934 NW2d 610 (2019). Court rules are interpreted to discern and give effect to the intent of the drafter, the Michigan Supreme Court. *Fleet Business Credit v Krapohl Ford Lincoln Mercury Co*, 274 Mich App 584, 591; 735 NW2d 644 (2007). This Court determines this intent by examining the rules themselves and their place within the structure of the Michigan Court Rules as a whole, giving the words contained in the rules their plain and ordinary meaning. *Lech v Huntmore Estates Condo Ass'n*, 315 Mich App 288, 290; 890 NW2d 378 (2016). If the plain and ordinary meaning of the language is clear and unambiguous, then it is enforced as written. *Fleet Business Credit*, 274 Mich App at 591.

According to MCR 3.901(A)(1), "[o]ther Michigan Court Rules apply to juvenile cases in the family division of the circuit court only when this subchapter specifically provides." MCR 2.516, which allows parties to move for a directed verdict "at the close of the evidence offered by an opponent," is incorporated in MCR 3.900 *et seq.*, at MCR 3.911(C):

> (C) Jury Procedure. Jury procedure in juvenile cases is governed by MCR 2.508-2.516, except as provided in this subrule.

Given this unambiguous language, the Supreme Court intended directed verdicts to be available in child protective cases, but only in those involving jury proceedings, as opposed to the bench trial that occurred here. See *Stanton v Dachille*, 186 Mich App 247, 261; 463 NW2d 479 (1990) ("A motion for a directed verdict is more properly made in a jury trial, while a motion to dismiss is used in a bench trial.").[2] While petitioner cites numerous unpublished cases in which this Court did not prohibit directed verdicts in child protective proceedings, none of these involved any actual, substantive analysis of the applicable court rules, with the instant issue seemingly never raised in these cases.[3] Construing the unambiguous language of the court rules as a matter of first impression, we conclude that it was improper for the court to grant respondent a directed verdict when respondent's adjudication trial was before the bench and not a jury.

---

[2] See also *In re Hood*, unpublished per curiam opinion of the Court of Appeals, issued April 18, 2017 (Docket Nos. 334377 and 334378), p 7 n 3 ("Procedurally, it does not appear that a directed verdict motion was technically appropriate in these child protective proceedings conducted without a jury."). "Unpublished opinions are . . . not binding authority but may be persuasive or instructive." *Haydaw v Farm Bureau Ins Co*, 332 Mich App 719, 726 n 5, 957 NW2d 858 (2020).

[3] See *In re Thomas*, unpublished per curiam opinion of the Court of Appeals, issued December 7, 2010 (Docket No. 296353), p 1 (adjudication held before a jury); *In re HLM*, unpublished per curiam opinion of the Court of Appeals, issued April 30, 2002 (Docket Nos. 235790 and 235971), p 2 (adjudication held before a jury); *In re Burr*, unpublished per curiam opinion of the Court of Appeals, issued October 19, 2001 (Docket Nos. 230764 and 231033), p 4 (where a bench trial was held, motion for directed verdict treated as a motion for involuntary dismissal); *In re PCG*, unpublished per curiam opinion of the Court of Appeals, issued October 31, 2000 (Docket Nos. 223528, 223529, and 223530) (adjudication held before a jury).

Whether the court's action was nevertheless proper if respondent's motion is construed as a motion for involuntary dismissal is a closer determination. Generally, under MCR 2.504(B)(2), a defendant in a bench trial can "move for [involuntary] dismissal on the ground that on the facts and the law, the plaintiff has no right to relief. The court may then determine the facts and render judgment against the plaintiff, or may decline to render judgment until the close of all the evidence." However, MCR 2.504 is not among the rules specifically incorporated in juvenile or child protective proceedings. This Court in an analogous case interpreted the exclusion of a specific court rule from those incorporated by MCR 3.900 *et seq.* in child protective proceedings as prohibiting the rule's applicability in such cases. See *In re Collier*, 314 Mich App 558, 569; 887 NW2d 431 (2016) ("The hearing referee who conducted the adjudication hearing stated that a default would be entered against respondent because he failed to appear for the hearing. We are aware of no authority for the proposition that a respondent in child protective proceedings can be defaulted. In fact, the court rules are clear that a default cannot be entered in child protective proceedings. MCR 3.901(A)(1) sets forth the court rules that are applicable to child protective proceedings; the rule pertaining to defaults, MCR 2.603, is not among the rules specifically incorporated into juvenile or child protective proceedings.").

Accordingly, we agree with petitioner that involuntary dismissal, like a default judgment, is not permitted in child protective cases. Specifically, the omission of MCR 2.504(B)(2) from the court rules explicitly applicable to child protective proceedings is construed as intentional, such that a motion for involuntary dismissal is not permitted in these cases. See *Ernsting v Ave Maria College*, 274 Mich App 506, 513; 736 NW2d 574 (2007) ("The omission of a provision in one part of a statute that is included in another part of a statute should be construed as intentional, and provisions not included by the Legislature should not be included by the courts.") (quotation marks and citation omitted). This omission makes clear that involuntary dismissal is improper in child protective proceedings. See *In re Collier*, 314 Mich App at 569.

We note that a court rule "in derogation of the common law will not be construed to abrogate the common law by implication, but if there is any doubt, the [rule] is to be given the effect that makes the least change in the common law." See *Velez v Tuma*, 492 Mich 1, 17; 821 NW2d 432 (2012). However, as stated, the omission of MCR 2.504(B)(2) from the court rules explicitly applicable to child protective proceedings demonstrates a clear intent to prohibit such procedure. In any event, respondent's authority relied on for the common-law ability in child protective cases to challenge the sufficiency of the opposing party's proofs at trial does not include any child protective cases, but is specific to civil cases generally.[4] For these reasons, the trial court erred in granting respondent's motion for a directed verdict, even if it is construed as a motion for involuntary dismissal.

---

[4] Although *In re Burr*, unpublished per curiam opinion of the Court of Appeals, issued October 19, 2001 (Docket Nos. 230764 and 231033), p 4, concluded that there was sufficient evidence to deny the respondent's motion for a directed verdict in a child protective case, treating this motion as a motion for involuntary dismissal under MCR 2.504(B)(2) and thus arguably implicitly endorsing such procedure, the Court never addressed the court rules specifically applicable in these cases and the omission of MCR 2.504(B)(2) therefrom.

Nevertheless, the trial court's error was harmless. The harmless-error rule, MCR 2.613(A), which generally applies to civil proceedings—including child protective proceedings, see MCR 3.902—provides:

> An error in the admission or the exclusion of evidence, an error in a ruling or order, or an error or defect in anything done or omitted by the court or by the parties is not ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take this action appears to the court inconsistent with substantial justice.

To overcome this rule, a party must show that an error was prejudicial such that a failure to grant relief would be inconsistent with substantial justice, i.e., that it is more likely than not the error affected the case's outcome. See *Barnett v Hidalgo*, 478 Mich 151, 172; 732 NW2d 472 (2007).

Here, the trial court declined to exercise jurisdiction over the children under MCL 712A.2(b)(1) and (2), which provide jurisdiction over proceedings involving the abuse or neglect of juveniles. Specifically, under those provisions, the court has the following authority and jurisdiction:

> (b) Jurisdiction in proceedings concerning a juvenile under 18 years of age found within the county:
>
> (1) Whose parent or other person legally responsible for the care and maintenance of the juvenile, when able to do so, neglects or refuses to provide proper or necessary support, education, medical, surgical, or other care necessary for his or her health or morals, who is subject to a substantial risk of harm to his or her mental well-being, who is abandoned by his or her parents, guardian, or other custodian, or who is without proper custody or guardianship. . . .
>
> * * *
>
> (2) Whose home or environment, by reason of neglect, cruelty, drunkenness, criminality, or depravity on the part of a parent, guardian, nonparent adult, or other custodian, is an unfit place for the juvenile to live in. . . . [MCL 712A.2(b)(1) and (2).]

Because MCL 712A.2 "speaks in the present tense, . . . the trial court must examine the child's situation at the time the petition was filed." *In re Long*, 326 Mich App 455, 459; 927 NW2d 724 (2018) (quotation marks and citation omitted). To properly find jurisdiction over a child, at least one statutory ground must be proven. *In re SLH*, 277 Mich App 662, 669; 747 NW2d 547 (2008).

This case involved no allegations of neglect or abandonment, nor any of drunkenness or depravity in the home. Accordingly, the question here is whether, at the time the petition was filed, the children were subject to a substantial risk of harm to their mental wellbeing or respondent's home was unfit by reason of cruelty or criminality. Here, while the trial court explicitly acknowledged the inappropriate discipline that gave rise to this case, it found the statutory grounds for jurisdiction inapplicable because, by the time the petition was filed, respondent was no longer physically disciplining her children and voluntarily completed services

meant to address petitioner's concerns. This was adequately supported by the record. Respondent testified that she stopped using physical discipline in November 2021—a year before the bench trial. Empson acknowledged that respondent voluntarily submitted to a safety plan and completed requested services before the petition was filed, and she identified no continuing issues of physical abuse. Rather, Empson speculated that contrary to respondent's prior voluntary completion of the Family First parenting classes, she would not comply with further services unless ordered to, placing the children at risk of future harm. Given the evidence, the trial court did not clearly err in declining to exercise jurisdiction over the minor children.

Therefore, regardless of the trial court's error in granting respondent's motion for a directed verdict, it properly declined to exercise jurisdiction based on the evidence presented. For this reason, petitioner cannot establish prejudice necessary to overcome the harmless-error rule, and reversal is unwarranted. See also *Spohn v Van Dyke Pub Schs*, 296 Mich App 470, 479; 822 NW2d 239 (2012) ("We need not determine whether the motion was brought under the correct subrule, because th[is] Court will not reverse a trial court's order if it attained the correct result, albeit for the wrong reason.").

Affirmed.

/s/ Jane E. Markey
/s/ Kathleen Jansen
/s/ Kirsten Frank Kelly