*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* B. G. SWIFT, Minor.

UNPUBLISHED
April 11, 2025
10:33 AM

No. 372558
Jackson Circuit Court
Family Division
LC No. 19-003652-NA

Before: BOONSTRA, P.J., and LETICA and RICK, JJ.

PER CURIAM.

Respondent-mother (respondent) appeals as of right the trial court order terminating her parental rights to the minor child under MCL 712A.19b(3)(i) (respondent's parental rights to the child's sibling were terminated due to serious and chronic neglect and respondent failed to rectify those conditions).[1] We affirm.

## I. FACTUAL AND PROCEDURAL HISTORY

In 2013, 2020, and 2023, the Department of Health and Human Services (DHHS) removed four older children from respondent's care after continued housing instability and substance abuse. Her parental rights were terminated as to those children. In late February 2024, respondent gave birth to another child. DHHS filed a petition seeking removal of the child and termination of respondent's parental rights because the child suffered from substance withdrawal at birth and respondent had a lengthy history of substance abuse, resulting in prior termination of her parental rights to other children. Respondent candidly admitted to a caseworker that she had a 10-year history of substance abuse and used heroin three days before delivering the child. Respondent's blood screen tested positive for cocaine, benzoylecgonine, ecgonine methyl ester, morphine, fentanyl, and xylazine on the day of the child's delivery.

---

[1] Respondent identified a putative father, but his test did not confirm paternity. Despite publication, a legal father was not identified. Only respondent's parental rights are at issue in this appeal.

The court placed the child in protective custody. And, later, the trial court authorized the petition at the preliminary hearing.

At a hearing in April 2024, the trial court had to decide whether it would exercise jurisdiction over the child. Although the petition also sought the immediate termination of respondent's parental rights, the trial court expressly stated that it would not proceed to disposition nor hear testimony regarding the child's best interests. Specifically, the trial court stated that a putative father for the child had been identified; however, the putative father had not taken a paternity test or signed an affidavit of parentage. The trial court expressed that it typically did not terminate the parental rights of one parent if the other parent's rights were not terminated.

Respondent[2] requested a bench trial to address adjudication. Because respondent refused to stipulate to the admission of her blood test results, the trial court awaited the arrival of the laboratory scientist and, again, advised the parties that only the adjudication would occur that day.[3] The scientist testified regarding the numerous substances found in respondent's blood screen, but acknowledged that respondent had not tested positive for heroin.

An investigator with Children's Protective Services also testified about the complaint she received after the child's birth. Specifically, it was reported that respondent received limited prenatal care, respondent's drug screen yielded positive results, respondent admitted to using heroin three days before the birth, and the child was exhibiting signs of withdrawal. Respondent further admitted to a 10-year struggle with heroin use. When preparing the petition, the investigator learned of four prior termination proceedings in two counties addressing respondent's older children. Although respondent expressed an interest in a treatment facility, she left the hospital against medical advice. At the end of the testimony, the trial court was asked to take judicial notice of the files pertaining to respondent's prior termination proceedings.

The trial court determined that respondent's drug use coupled with the substances in her system demonstrated an unsafe and unfit environment for a child. The trial court also commented that clear and convincing evidence of a statutory ground to terminate respondent's parental rights was also established. Nonetheless, the trial court reiterated that it was not terminating respondent's parental rights that day but would wait for the determination regarding the child's father before making any additional findings. Instead, the trial court exercised jurisdiction over the child as to respondent under MCL 712A.2(b)(2).

The result of the putative father's paternity test was not available at the dispositional hearing held in May 2024. The trial court ordered that respondent comply with, and benefit from,

---

[2] Respondent was in jail at the time of this hearing. Although respondent's counsel had been unable to communicate with respondent by phone or in person, the trial court gave counsel the opportunity to consult with respondent before the hearing.

[3] The trial court stated, "And while we're waiting, let me indicate to everyone so it won't be a surprise, although we can proceed with adjudication as to [respondent], I will not be proceeding to disposition today. We'll set that in the future. I'd like to deal with disposition when I know what we're gonna be doing with Dad. So I don't . . . need to hear any testimony today about best interest."

a case service plan and that the child remain in DHHS's custody. The trial court later determined that the child did not have a legal father.

The best-interest hearing was held in August 2024, at which time, the trial court heard testimony about whether termination was in the child's best interests. The trial court then terminated respondent's parental rights at the end of the hearing, determining that clear and convincing evidence of a statutory ground existed and that termination was in the child's best interests.

Respondent does not challenge the trial court's findings regarding the statutory ground or best-interests determinations underlying the decision to terminate her parental rights. Instead, respondent contends that the trial court procedurally erred by failing to properly separate the adjudicative and dispositional phases of the termination proceeding and by failing to require DHHS to file a supplemental petition when the request for termination did not occur at the initial dispositional hearing. We disagree.

## II. SEPARATION OF ADJUDICATIVE AND DISPOSITIONAL PHASES

"[F]amily division procedure under the court rules . . . [is] reviewed de novo." *In re AMAC*, 269 Mich App 533, 536; 711 NW2d 426 (2006). However, this unpreserved issue is reviewed for plain error affecting respondent's substantial rights. *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, 347 Mich App 280, 294 n 3; 14 NW3d 472 (2023); *In re Utrera*, 281 Mich App 1, 8-9; 761 NW2d 253 (2008), citing *People v Carines*, 460 Mich 750, 763, 774; 597 NW2d 130 (1999). On plain-error review, the respondent has the burden to show (1) "error"; (2) that was "plain," meaning "clear or obvious"; (3) and that plain error affected substantial rights or caused prejudice, reflecting "that the error affected the outcome of the lower court proceedings." *Carines*, 460 Mich at 763. Additionally, to justify reversal, the plain error must also seriously affect the integrity, fairness, or public reputation of the judicial proceedings. *In re Ferranti*, 504 Mich 1, 29; 934 NW2d 610 (2019).

Child protective proceedings consist of two phases: the adjudicative phase and the dispositional phase. *In re Mota*, 334 Mich App 300, 312; 964 NW2d 881 (2020) (citation omitted). During the adjudicative phase, the trial court first decides whether it can take jurisdiction over the child. *Id*. "[T]he state must file in the family division of the circuit court a petition containing facts that constitute an offense against the child under the juvenile code." *In re Sanders*, 495 Mich 394, 405; 852 NW2d 524 (2014). The petition must include a "citation to the section of the Juvenile Code relied on for jurisdiction." MCR 3.961(B)(4). Then, if the trial court authorizes the petition, the respondent-parent can either admit the allegations, plead no contest, or demand a trial contesting the allegations. *Sanders*, 495 Mich at 405. If at least one statutory ground for jurisdiction set forth in MCL 712A.2(b) is established, either at trial or by plea, then the trial court can assume jurisdiction over the child. *In re SLH*, 277 Mich App 662, 669; 747 NW2d 547 (2008). The rules of evidence apply, MCR 3.972(C)(1) and "jurisdiction must be established by a preponderance of the evidence." *In re Mota*, 334 Mich App at 312-313.

"Once a court assumes jurisdiction over a child, the parties enter the dispositional phase." *Sanders*, 495 Mich at 406. Unlike the adjudicative phase, the rules of evidence do not apply at the dispositional phase and "the respondent is not entitled to a jury determination of facts." *Id*. During

the dispositional phase, the trial court must determine what measures it will take with respect to a child properly within its jurisdiction and, when applicable, against any adult. *Id*.

The adjudicative phase must precede the dispositional phase, and although a dispositional hearing may immediately follow an adjudication, they may not be combined to the extent that there is no distinction between them. *In re Mota*, 334 Mich App at 315-316. Deciding whether termination is appropriate before addressing whether jurisdiction is proper is putting "the dispositional cart before the adjudicative horse." *In re Thompson*, 318 Mich App 375, 379; 897 NW2d 758 (2016).

In *Thompson*, two of the respondent's children died in 2006 and 2013 from unsafe sleeping conditions. In 2014, the trial court terminated the respondent's rights to two other children. At the time of the 2014 termination, the respondent failed to disclose that she was pregnant with her fifth child. *Id*. at 376-377. Following the birth of the fifth child, the DHHS filed a petition to obtain jurisdiction over that child and to terminate the respondent's parental rights. After caseworkers and the respondent testified, the attorneys addressed the statutory grounds for termination. The trial court found the statutory grounds were satisfied and that termination of the respondent's parental rights was in the child's best interests. After the trial court rendered its decision, the trial court was asked to render a decision regarding jurisdiction. *Id*. at 377. This Court held that the failure to adjudicate respondent before proceeding to disposition was a fatal flaw that required reversal. *Id*. at 377-378.

In the present case, the trial court did not plainly err in the procedure it followed regarding the separation of an adjudicative phase from a dispositional phase of a termination proceeding initiated by a petition. Instead, the trial court advised the parties two times before the start of the adjudication hearing of its intent to decide only the issue of jurisdiction. It further explained its "typical" action in not terminating the parental rights of a parent when the other parent acts as the custodian. And, although the trial court may have later stated that the statutory ground for termination raised in the petition was satisfied, it then acknowledged, for the third time, that it was only deciding the issue of jurisdiction at the hearing.

Indeed, the adjudicative phase ended when the trial court exercised jurisdiction over the child at the bench trial in April 2024, despite the trial court's determination that a statutory ground for termination existed at the same hearing. See *Sanders*, 495 Mich at 406. Accordingly, the adjudicative phase preceded the dispositional phase. *In re Mota*, 334 Mich App at 316. Additionally, the dispositional hearing and the adjudicative trial were not "converged such that there [was] no distinction." *Id*. at 316 n 4. Rather, the trial court made its jurisdiction and termination decisions at separate hearings months apart: at a trial in April and at the best-interest hearing in August, respectively. Moreover, at the dispositional hearing in May 2024, the trial court did not terminate respondent's rights, but ordered that she comply with a case service plan. Therefore, the trial court did not plainly err in its separation of the adjudicative from the dispositional phases of a termination proceeding. See *Carines*, 460 Mich at 763.

## III. SUPPLEMENTAL PETITION

"When called upon to interpret and apply a court rule, this Court applies the principles that govern statutory interpretation." *Haliw v Sterling Hts*, 471 Mich 700, 704; 691 NW2d 753 (2005).

"Court rules should be interpreted to effect the intent of the drafter, the Michigan Supreme Court." *Fleet Business Credit, LLC v Krapohl Ford Lincoln Mercury Co*, 274 Mich App 584, 591; 735 NW2d 644 (2007). The clear and unambiguous language of the court rule must be given its plain meaning and is enforced as written. *Id*.

The trial court may order termination at an initial dispositional hearing under certain circumstances. *In re Utrera*, 281 Mich App at 16. MCR 3.977(E) addresses the procedural requirements for terminating parental rights at an initial dispositional hearing as follows:

> The court shall order termination of the parental rights of a respondent at the initial dispositional hearing held pursuant to MCR 3.973, and shall order that additional efforts for reunification of the child with the respondent shall not be made, if
>
> (1) the original, or amended, petition contains a request for termination;
>
> (2) at the trial or plea proceedings, the trier of fact finds by a preponderance of the evidence that one or more of the grounds for assumption of jurisdiction over the child under MCL 712A.2(b) have been established;
>
> (3) at the initial disposition hearing, the court finds on the basis of clear and convincing legally admissible evidence that had been introduced at the trial or plea proceedings, or that is introduced at the dispositional hearing, that one or more facts alleged in the petition:
>
> (a) are true, and
>
> (b) establish grounds for termination of parental rights under MCL 712A.19b(3)(a), (b), (d), (e), (f), (g), (h), (i), (j), (k), (l), or (m);
>
> (4) termination of parental rights is in the child's best interests.

And MCR 3.977(F), addresses termination of parental rights premised on different circumstances, stating in relevant part:

> The court may take action on a supplemental petition that seeks to terminate the parental rights of a respondent over a child already within the jurisdiction of the court on the basis of one or more circumstances new or different from the offense that led the court to take jurisdiction.

In the present case, DHHS petitioned to terminate respondent's rights in its initial petition. However, the trial court did not terminate her rights at the initial dispositional hearing, but at the end of a best-interest hearing several months later.

The trial court did not plainly err by failing to require the filing of a supplemental petition for termination. Under the court rules, DHHS was not required to file a supplemental petition. The initial petition included a request for termination and no allegations existed on the record of

"one or more circumstances new or different from the offense that led the court to take jurisdiction." MCR 3.977(F). Moreover, MCR 3.977(E) does not mandate termination at the initial disposition hearing when the trial court did not make a finding regarding the child's best interests. The trial court did not make best-interest findings until the best-interest hearing in August 2024, months after the dispositional hearing in May 2024. Additionally, under MCL 712A.19b(4), a trial court "may" order the termination of a parent's rights at the initial dispositional hearing, but is not required to do so. Therefore, the trial court did not plainly err by failing to require a supplemental petition. See *Carines*, 460 Mich at 763.[4]

Affirmed.

/s/ Mark T. Boonstra
/s/ Anica Letica
/s/ Michelle M. Rick

---

[4] Respondent does not challenge the trial court's findings regarding the statutory grounds supporting termination or the child's best interests. Therefore, we may assume that the trial court did not clearly err in these findings. See *In re JS & SM*, 231 Mich App 92, 98-99; 585 NW2d 326 (1999), overruled in part on other grounds by *In re Trejo*, 462 Mich 341, 353; 612 NW2d 407 (2000). Regardless, the record reflects that the trial court did not clearly err by finding that one alleged statutory ground was supported by clear and convincing evidence, *In re Olive/Metts*, 297 Mich App 35, 40; 823 NW2d 144 (2012), and that a preponderance of the evidence supported that termination was in the child's best interests, *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013).